Judith L. Strohecker, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Joseph P. Lynch,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *Daniel Schuckers,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, February 8, 1978:

This case is before us upon a petition for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision denying benefits to Judith L. Strohecker (Claimant). The Board determined Claimant was ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), concluding that her discharge resulted from wilful misconduct.

The Claimant was employed by K-Mart (Employer) as an assistant manager in the security department. On January 20, 1976, the Claimant was scheduled to work from 9:00 a.m. until 6:00 p.m. However, she advised her supervisor that she would be leaving at 2:00 p.m. Claimant received the supervisor's verbal approval to leave at 2:00 p.m. Claimant did not clock out her quitting time at 2:00 p.m. but wrote her quitting time on her time card as 6:00 p.m. The Claimant failed to have her time card entry certified or initialed by the supervisor as was required by the Employer policy.

This company policy was explained to the Claimant through an orientation lecture and the Claimant acknowledged her understanding of this policy by signing a written checklist. The Claimant had been employed for approximately a two month period prior to her violation of the stated company policy on January 20, 1976. On January 23, 1976, the Claimant was discharged for falsely recording her time of departure on her time card in direct violation of the company rule.

The deliberate violation of an employer's rules or a wilful disregard of an employer's interest are included within the definition of wilful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168 (1972). Our scope of review is limited to a determination of whether an error of law has been committed, or any necessary finding of fact is unsupported by substantial evidence in the record. *Meneely v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 613, 369 A.2d 506 (1977).

In the instant case, the record clearly indicates that the Claimant knew of the company rule regarding the procedure to be followed where the departure time was written, instead of punched, on the time card. On prior occasions, the Claimant followed the proper company policy by having her supervisor initial or certify her written arrival or departure times. The Claimant's testimony shows that she realized she had to secure the written approval of the supervisor where she wished to sign out rather than punch out. Here, the Claimant knowingly and deliberately entered a time on the card which was four hours later than her actual departure time. Even though realizing she had contravened a company rule, the Claimant failed to

correct her departure time and have it certified by her supervisor.

Claimant contends that she did not seek to clarify or correct the written entry because she believed she was entitled to sick leave. However, under company policy, no such leave was available to an employee until a six month period of employment had elapsed, and this had been clearly explained to the claimant at her orientation lecture. Thus, there can be no mitigating good cause to violate a company rule[1] where the Claimant knew or should have known that she was not entitled to sick leave.

The Employer's rule was designed reasonably to protect and foster legitimate business practices. The rule enabled the Employer to keep accurate payroll records and to prevent falsification of time cards by employees. The detrimental effect of Claimant's conduct to the Employer's interest is obvious. This was particularly so in this case, since Claimant's actions, as an assistant manager of security, would reduce the credibility of that department with other Employer personnel.

There is substantial evidence to support the finding that Claimant's entry, without good cause, of a later departure time on her time card, in violation of stated company policy, was wilful misconduct under Section 402(e) of the Act. Accordingly, we affirm the Board's denial of benefits in this case.

ORDER

AND Now, this 8th day of February, 1978, the order of the Unemployment Compensation Board of Re-

---

[1] Cf. Frumento v. Unemployment Compensation Board of Review, 466 Pa. 81, 351 A.2d 631 (1976). In that case, the Court held that violation of an employer's rule does not constitute wilful misconduct if the employee's action is justifiable or reasonable under the circumstances.

view in the above-captioned matter denying benefits to Judith L. Strohecker, is hereby affirmed, and the Petition for Review dismissed.