Bonita Kindrew, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 5, 1978, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

*Edward M. Pulaski,* with him *William G. Schwab,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Rogers, July 25, 1978:

Bonita Kindrew has appealed from an order of the Unemployment Compensation Board of Review affirming a referee's decision to deny benefits because Kindrew had been discharged from her employment for wilful misconduct. *See* Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Kindrew was last employed by the Hickory Run Restaurant as a waitress. Just before the Memorial Day weekend, 1976, her employer told her and other employes that he expected the holiday to be a busy time. and that no leaves would be granted for that weekend for any reason. Kindrew was scheduled to work the three to eleven o'clock P.M. shift on Friday of the Memorial Day weekend. At about 12:00 noon

on that day Kindrew had a friend call her employer by telephone with the message that she was ill and could not work. The employer responded that unless Kindrew appeared for work she would be fired. Kindrew then went to the restaurant to demonstrate to her employer that she was too ill to work. The employer told her that she must nevertheless work as ordered. Kindrew refused to work and was discharged. The undisputed evidence was that in normal circumstances Hickory Run employes were expected to give two hours notice of their inability to work.

At the hearing before the compensation referee no representative of the employer appeared. Over the objection of Kindrew's counsel, the referee placed in the record several Bureau of Employment Security forms upon which the employer had recorded the reasons for Kindrew's dismissal, including some alleged improper conduct occurring before the Memorial Day, 1976 weekend. On this evidence and Kindrew's own testimony, the referee concluded that by reason of the conduct predating the Memorial Day weekend and of her unexcused absence on Friday of that weekend, Kindrew's unemployment was the result of her wilful misconduct and that she was ineligible for benefits. The Board of Review affirmed and this appeal followed.

As the information provided by the employer on the Bureau of Employment Security forms admitted by the referee over objection was clearly inadmissible, there is no evidence of record supporting a conclusion that Kindrew was guilty of wilful misconduct at any time before the Memorial Day weekend. The Board of Review concedes this, but argues that Kindrew's refusal to work on Friday of the holiday weekend in violation of the special order of the employer constituted wilful misconduct.

A deliberate refusal to comply with an employer's rule or demand ordinarily constitutes wilful misconduct. *Strohecker v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 526, 382 A.2d 160 (1978). A violation of the rule or demand is not wilful misconduct, however, if the evidence shows that the employe's action was justifiable and reasonable in the light of all circumstances and was thus taken with good cause. *Unemployment Compensation Board of Review v. Iacano*, 30 Pa. Commonwealth Ct. 51, 357 A.2d 239 (1976).

However, the refusal by an employe to comply with a rule or demand which is unreasonable in application to the employe's circumstances is not wilful misconduct. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). Certainly, the rule in this case, which required the presence of the employe at work on pain of dismissal and allowing of no exceptions, was unreasonable with respect to an employe too ill to work.

Hence, if Kindrew was too ill to work her refusal was justifiable and reasonable and was taken with good cause and the employer's demand was unreasonable applied to her circumstances. On the other hand, if she was not ill her refusal to work was unreasonable; and in such case, although the employer's demand would be unreasonable with respect to employes who were ill, it was not unreasonable with respect to Kindrew. The referee made no finding on the factual issue of whether Kindrew was ill, seeming to base his decision on a conclusion that the employer's rule was reasonable. Since the fact of Kindrew's illness or not is crucial to a proper decision, we must return the record for that finding and a decision based thereon.

ORDER

AND NOW, this 25th day of July, 1978, the order of the Unemployment Compensation Board of Review dated February 23, 1977, denying benefits to Bonita Kindrew, is hereby reversed and the record is remanded to the Board of Review for a finding and decision consistent with the opinion herein.