Harry A. Dearolf, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 6, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

494

*Lorraine M. Bittner,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, June 5, 1981:

Harry A. Dearolf (petitioner) has appealed from an order of the Unemployment Compensation Board of Review (Board) which denied benefits under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The petitioner was employed as a warehouseman by the Haskell Manufacturing Company (employer). On June 22, 1979, he was driving a forklift through an aisle in the employer's factory when he bumped into a storage bin, knocking three metal plates to the floor. The petitioner was directed by a supervisory employee to pick up the three metal plates, but the petitioner failed to do so. According to the petitioner's original testimony before the referee,[1] he then drove the forklift past the storage bin again, was again directed to pick up the three plates, and again refused. His employment was immediately termi-

---

[1] Testimony was initially taken on August 28, 1979. The referee and Board denied benefits. On application of the petitioner, the claim was reconsidered and additional testimony was taken on October 23, 1979. The Board reinstated its denial of benefits on November 29, 1979. There are certain inconsistencies in the petitioner's testimony at the two hearings.

nated because of insuborination, *i.e.*, refusing to follow a direct order from a supervisory employee.

The petitioner does not dispute his refusal to follow the order to pick up the three metal plates. As a result, we must sustain the conclusion that the petitioner was discharged for willful misconduct, unless the order was unreasonable or the petitioner had good cause for refusing to follow it. *Tisak v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 399, 424 A.2d 635 (1981).

The petitioner testified that he refused to pick up the three metal plates because it would have kept him too long from his normal duties and because the aisle was so narrow that he could not get off the forklift safely. He had testified at an earlier hearing, however, that he could have moved the forklift forward a few feet and then safely dismounted to pick up the three plates. His testimony also indicated that the person who ultimately picked up the plates spent only a few minutes doing so. Finally, a supervisory employee testified that the petitioner had flatly acknowledged his refusal to pick up the metal plates but had not offered his time and safety explanations at the time of his discharge.[2]

In *Taylor v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 303, 397 A.2d 451 (1979), we held that, where a claimant offers inconsistent testimony at two different hearings, the Board is not bound to accept the testimony at the later hearing as true. In the present case, the peti-

---

[2] At oral argument, the petitioner raised an objection to the fact that the referee had elicited parts of the petitioner's testimony by asking questions based upon written statements by the employer which may have been improperly admitted because they were hearsay. Judge BLATT rejected an identical contention in *Perminter v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 426, 426 A.2d 245 (1981).

tioner's testimony at the second hearing painted a more justifiable picture of his refusal to follow orders than his testimony at the first hearing. Nevertheless, the Board chose to disregard this more favorable testimony. It did not err in doing so.

We are satisfied that the order to pick up the steel plates was not unreasonable, given the surrounding circumstances. We are also satisfied that the petitioner's explanation for his refusal to follow that order was not sufficient to establish good cause. *Kresge v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 78, 405 A.2d 1123 (1979) (claimant must establish good cause for refusal to comply with a reasonable request of his employer). Therefore, the Board's denial of benefits under Section 402(e) of the Act must be affirmed.

ORDER

AND Now, this 5th day of June, 1981, the order of the Unemployment Compensation Board of Review, dated November 29, 1979, which reaffirmed the denial of benefits to Harry A. Dearolf, is hereby affirmed.