Rick D. Bortz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983, to Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Herbert Karasin, Hoopes and Tract,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, August 18, 1983:

Rick D. Bortz, a powder processor for a plastics corporation, who three times refused to use his air-filtering racquel helmet as required, appeals from an order by the Unemployment Compensation Board of Review, which affirmed a referee's decision denying the claimant benefits under section 402(e), 43 P.S. §802(e), the willful misconduct provision of Pennsylvania's Unemployment Compensation Law.[1] We affirm.

The question is whether an employee, in order to establish good cause for a rule violation, must timely notify the employer concerning the nature of the cause.

Mr. Bortz does not deny that he refused to wear his helmet visor in the proper lowered position, even after his supervisor warned him twice that his refusal violated company rules. Rather, Mr. Bortz claims that inoperative batteries (1) resulted in air filtration failure, and (2) caused the visor to fog, blocking his view.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

The referee found that Mr. Bortz "requested permission to wear a different piece of equipment, but did not inform his employer of the malfuntioning, if any, of his equipment." Although the claimant challenges that finding, the referee and the board were free to accept the testimony of the plant manager, who claimed that Mr. Bortz never informed him of the reason for requesting another helmet; they also could properly discount the effect of another plant official's admission that Mr. Bortz had told him about the defect one day after the violation.

Although there are no cases directly on the point, we conclude that informative communication with the employer may be a factor in sustaining the employee's burden to establish good cause for a violation, and, in those situations, the employee, where feasible, must notify his employer of the reason for refusing to comply with rules, unless the reason for noncompliance is self-evident, or unless the employer is independently aware of the circumstances warranting noncompliance. A review of our case law concerning good cause supports this conclusion.

Where a claimant has established good cause, our courts often have observed that the claimant first informed his employer of the reasons for his conduct. In *McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 621, 383 A.2d 533, 535 (1978), an employee who refused to drive an improperly repaired truck first informed his employer of the truck's unsafe condition. In *Gwin v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 69, 73, 427 A.2d 295, 297 (1981), an employee had expressed his fear of a dangerous boring mill to his employer. In *Dearolf v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 493, 496,

429 A.2d 1284, 1286 (1981), where we found a claimant's refusal to follow his employer's order unreasonable, we noted that the employee had not offered his explanation for noncompliance at the time of his discharge.

Perhaps the referee here more precisely might have stated that the employee's failure to justify noncompliance before discharge constituted a failure to establish good cause, rather than willful misconduct in itself.

Nevertheless, the record supports both the existence of willful misconduct and the absence of good cause.

Accordingly, we affirm.

### ORDER

Now, August 18, 1983, the order of the Unemployment Compensation Board of Review, No. B-201339, is affirmed.