Barbara M. Kilgus, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Brona E. Pinnolis,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, October 25, 1983:

The claimant in this unemployment compensation case has appealed from an order of the Board of Review affirming a referee's action denying her benefits because she had been discharged from her job for willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant was last employed by the Muncy Bank and Trust Company. On December 29, 1980 she left work early claiming illness. On December 30, 1980 she notified her employer that she would not report to work because she was ill. On the evening of December 30, 1980 the claimant was seen by the president of the Muncy Bank and Trust Co. at the bar of the Fort Brady Hotel. The claimant testified that she was in the bar for an hour. On the morning of December 31, 1980 the claimant called her employer and again reported off ill. Later the same day the president of the Muncy Bank and Trust Co. called the claimant and told her that it was his view that if she was well enough to visit a bar in the evening, she was well enough to report to work in the morning and that if she did not report to work that day she would be discharged. The claimant did not report to work on December 31, 1980, but when she reported for work on January 2, 1981, the president of the bank told her

that she was discharged for failing to report to work on December 31, 1980 as instructed.

The term willful misconduct includes conduct evidencing willful or wanton disregard of the employer's interests, the disregard of the standards of behavior which an employer has a right to expect of an employee, negligence which manifests culpability, wrongful intent or an intentional disregard of the employer's interests, and the deliberate violation of the employer's rules or instruction. *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

In *Kindrew v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978), we held that:

> A deliberate refusal to comply with an employer's rule or demand ordinarily constitutes willful misconduct. Strohecker v. Unemployment Compensation Board of Review, 33 Pa. Commonwealth Ct. 526, 382 A.2d 160 (1978). A violation of the rule or demand is not willful misconduct, however, if the evidence shows that the employee's action was justifiable and reasonable in light of all the circumstances and was thus taken with good cause. Unemployment Compensation Board of Review v. Iacano, 30 Pa. Commonwealth Ct. 51, 357 A.2d 239 (1976).

Of course, an employer's demand that his employee who is too ill to work should nevertheless do so would be unreasonable. Hence, if this claimant was too ill to work on December 31, 1980 her failure to appear was justifiable and reasonable. If, on the other hand, she was not too ill to work her failure to appear was unreasonable. The referee made no findings on whether or not the claimant was, as she claims, too ill to work on December 31, 1980, seeming to base his decision on

a conclusion that the instruction that she report to work was reasonable.

Since the fact of the claimant's ability to work on December 31, 1980 is crucial we reverse the order of the Board and remand the record for the necessary finding and a decision based thereon.

### ORDER

AND Now, this 25th day of October, 1983, the order of the Unemployment Compensation Board of Review dated April 3, 1981, denying benefits to Barbara M. Kilgus, is hereby reversed and the record is remanded to the Board of Review for a finding and decision consistent with the opinion herein. Jurisdiction is relinquished.