520 A.2d 949

Sterling Breininger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 17, 1986, before Judges MAC-PHAIL, DOYLE and COLINS, sitting as a panel of three.

*J. Palmer Lockard,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Samuel H. Lewis,* Associate Counsel, and *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, February 5, 1987:

Sterling Breininger (petitioner) appeals from a determination by the Unemployment Compensation Board of Review (Board) denying unemployment compensation benefits due to petitioner's willful misconduct.[1]

Petitioner was employed by Felty, Inc. (employer) as a heavy truck driver paid on a load basis. In October, 1984, while working for employer, petitioner was ticketed for passing a school bus while it was stopped with lights flashing. Subsequent to receiving this ticket, petitioner was convicted of violating the Vehicle Code (Code).[2] As a result, on approximately May 20, 1985, petitioner's license was suspended as a matter of course.[3] On this same date, petitioner was terminated from his employment for lacking a driver's license, as such was necessary for the performance of his job.

Petitioner applied for unemployment compensation benefits to the Office of Employment Security (OES) which denied his application pursuant to Section 402(b) of the Act (voluntary quit). Thereafter, petitioner took an appeal and a hearing was held before a referee at which time testimony was presented and exhibits entered into evidence. The referee affirmed the OES' denial of benefits under a modified ruling, holding that

---

[1] *See* Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] *See* 75 Pa. C. S. §3345.

[3] *See* 75 Pa. C. S. §1535.

petitioner's action constituted willful misconduct under Section 402(e) of the Act. The Board affirmed the referee's determination, and this appeal followed.

On appeal, we are presented with the issue of whether or not petitioner's actions constituted grounds for willful misconduct. After reviewing the record, we find as a matter of law that petitioner's actions do not rise to the level of willful misconduct. Consequently, we reverse.

Our scope of review in unemployment compensation cases is limited to a determination of whether or not there is substantial evidence to support the order of the Board. This Court has followed the exposition of this standard as set forth by the Supreme Court of Pennsylvania in *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

Substantial evidence is, of course, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Rabinowitz v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 51, 324 A.2d 825 (1974).

Although willful misconduct has no statutory definition, we have consistently held that:

> [W]illful misconduct is established when an employee's behavior constitutes a wanton and willful disregard of the employer's interest, the deliberate violation of employer's rules, the disregard of the standards of behavior which an employer can rightfully expect from his employee or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Harris v. Unemployment Compensation Board of Review*, 67 Pa. Commonwealth Ct. 537, 539, 447 A.2d 1060, 1061 (1982).

In the instant case, petitioner has admitted to passing the school bus while driving for employer. There has been no dispute as to the events surrounding this incident of negligent driving. Petitioner was driving at approximately 50 miles per hour on a two-lane highway posted with a 55 miles per hour speed limit. He drove over the crest of a hill, whereupon he saw a school bus with its lights flashing. Petitioner applied his brakes but he was unable to stop in time, passing the bus at approximately 5 miles per hour. As petitioner passed the bus, he had his lights on and was blowing his horn repeatedly in order to warn all in the bus. He notified the police of the incident and they issued him a citation. Subsequently, petitioner notified employer that he had been ticketed for passing a school bus and that a fine had been assessed against him.[4]

The following are the referee's findings of fact upon which the Board has relied in concluding that willful misconduct was present:

2.    On said date [May 20, 1985], the claimant was involuntarily terminated from his employment.

3.    Specifically, the claimant was involuntarily terminated from his employment because he lacked the necessary driver's license to operate the employer's heavy truck on the Pennsylvania highways.

4.    The claimant had his driving privileges suspended because he was cited for failure to stop for a school bus which was discharging passengers at the time.

_____

[4] Employer's agent, Allan Felty, who represented employer at the hearings before the referee testified that he had paid petitioner's ticket and was reimbursed therefor. This established employer's notice as to petitioner's negligent driving.

Based on the foregoing, the referee concluded, "the record as developed is sufficient to substantiate that the case for the claimant's involuntary termination was such as would fall within the purview of the disqualifying provisions of the above cited section of the law" (*i.e.*, Section 402(e)).

Employer asserts that petitioner's negligent driving supplies substantial evidence to support the referee's decision. Although we recognize that negligent driving can qualify as willful misconduct, we find that in the instant case, employer has waived its opportunity to assert negligence as a basis for willful misconduct.

This court has repeatedly held that an incident of willful misconduct cannot be temporally remote from the ultimate dismissal and still be the basis for a denial of benefits. *See Tundel v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 312, 404 A.2d 434 (1979).

In the case *sub judice*, employer was aware of petitioner's negligent driving but continued to employ petitioner for eight months after his initial ticketing, *i.e.*, from October, 1984, until May, 1985. During this time period, petitioner worked in the same capacity without any restrictions as to his duties or diminution in pay. Furthermore, employer, in his testimony before the referee, attributed its termination of petitioner to petitioner's lack of a driver's license and not to his negligent driving.[5] The foregoing clearly establishes that em-

---

[5] The following testimony establishes that employer terminated petitioner due to his lack of a driver's license and not because petitioner drove negligently while in his employ.

Referee: How did your employer know you were leaving?

Petitioner: Well, I told him.

. . .

Referee: You told him [Mr. Felty] you lost your license and you walked away and that was it?

ployer waived any right it might have had to assert that petitioner's negligent driving was the reason for his dismissal. Succinctly stated, the statutory consequence of the negligent act, rather than the act itself, led to petitioner's dismissal. It is also clear that the revocation of the license was, in fact, the "fault" of the petitioner.

Accordingly, the employer, on appeal, asserts that there are "fault" grounds for denying benefits and cites Section 3 of the Act which states that persons may not receive unemployment compensation benefits unless they have lost their jobs "through no fault of their own." *See* 43 P.S. §752. However, Judge MACPHAIL, speaking for this Court in *Dombroskie v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 546, 405 A.2d 1044 (1979), has noted that Section 3 cases are distinguishable from cases based upon Section 402(e) of the Act. *See also Jones v. Unemployment Compensation Board of Review*, 513 Pa. 45, 518 A.2d 1150 (1986). Therefore, since this is a 402(e) case and the applicability of Section 3 to this case has not been raised prior to this appeal, it is not a matter properly before this court. *Wing. v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981). *See also* 2 Pa. C. S. §703(a); Pa. R.A.P. No. 1551.

---

Petitioner: Yes, sir.

This explanation was confirmed by employer.

Referee: You heard his [petitioner's] testimony, do you want to respond? Is that what happened as far as you know?

Employer: It is the only work I have for Sterling [petitioner] is [sic] driving truck. And, of course, without a license I can't employ him.

Referee: O.K. And . . .

Employer: Employment is available but without a license he couldn't drive.

Transcript of Testimony at Hearing, pp. 6-7.

Under Section 402(e), the employer is charged with the burden of establishing employee's "willful misconduct" for purposes of unemployment compensation liability. *Blount v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 627, 466 A.2d 771 (1983). Circumstances under which an employer may discharge an employee under company policy may not always be circumstances for which a petitioner may be denied benefits under Section 402(e) of the Act. *Grace v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 412, 412 A.2d 1128 (1980).

Accordingly, we hereby reverse the order of the Board.

ORDER

AND NOW, this 5th day of February, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.