### GWYNEDD SQUARE CENTER, Petitioner,

v.

### UNEMPLOYMENT COMPENSATION BOARD OF REVIEW.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 27, 1995.
Decided March 15, 1995.

Janet L. Cohen, for petitioner.

Paul Jordan, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Gwynedd Square Center (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision granting benefits to Shirley P. Lenartowicz (Claimant) finding her eligible for compensation under Section 402(e) of the Unemployment Compensation Law (Law) [1] (willful misconduct). We reverse.

Claimant was employed as a nursing assistant by Employer from February, 1992 until her termination on April 20, 1994. The Office of Employment Security (OES) granted Claimant's application for unemployment compensation benefits, determining that although Claimant was fired it was not conclusive that Claimant willfully violated company policy while performing her duties. After a hearing, the referee affirmed, concluding that Employer did not establish that Claimant's conduct rose to the level of willful misconduct. Employer appealed to the Board which, without taking any additional evidence, affirmed. The Board's pertinent findings of fact are as follows:

2. During the course of the claimant's employment, the claimant was warned and suspended because the employer was not satisfied with claimant's job performance, specifically, the claimant did not always make all of her rounds as scheduled.

3. The claimant performed the job to the best of her ability but occasionally could not complete all of her rounds as scheduled because of other job requirements.

4. The claimant did not intentionally violate employer's rules or policies.

5. On April 20, 1994, the employer discharged the claimant because her immediate supervisor believed she had not completed all of her rounds the previous day.

6. The claimant had made her rounds but had not repositioned three residents because two of the residents had asked not to be moved and claimant was unable to move the third resident.

(Board's decision.) The Board resolved conflicts in testimony in favor of Claimant, concluding that the unsatisfactory job performance was not deliberate. Thus, the Board concluded that Claimant had shown good cause for her actions in that she was complying with the wishes of several patients.

On appeal to this Court,[2] Employer argues that Claimant's repeated failures to follow Employer's written work rules, even after receiving progressive disciplinary action, constitutes willful misconduct and that the Board's conclusion to the contrary is in error. Employer also contends that the Board's findings of fact are not based on substantial evidence.

■ While the law does not define the term "willful misconduct," numerous decisions by this Court have defined it as:

(1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employer's duties and obligations.

*Sheetz, Inc. v. Unemployment Compensation Board of Review,* 134 Pa.Commonwealth Ct. 353, 358, 578 A.2d 621, 623–34 (1990). Whether an employee's actions constitute willful misconduct is a question of law reviewable by this Court. *Metropolitan Edison Co. v. Unemployment Compensation Board of Review,* 146 Pa.Commonwealth Ct. 648, 606 A.2d 955 (1992).

■ The employer has the burden of proving willful misconduct. *Moore v. Unemployment Compensation Board of Review,* 134 Pa.Commonwealth Ct. 274, 578 A.2d 606 (1990). Furthermore, the violation of the

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

2. Our scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Peoples First National Bank v. Unemployment Compensation Board of Review,* 159 Pa.Commonwealth Ct. 134, 632 A.2d 1014 (1993).

employer's established policy can constitute willful misconduct. *Id.* "To prove willful misconduct by showing such violation of the policy, the employer must prove both the existence of the policy and the violation thereof by the employee." *Id.* at 280, 578 A.2d at 608. Yet, we recognize that under some circumstances an inadvertent violation of an employer's rule will not constitute willful misconduct. *Holly v. Unemployment Compensation Board of Review,* 151 Pa.Commonwealth Ct. 450, 617 A.2d 80 (1992), *petition for allowance of appeal denied,* 534 Pa. 643, 626 A.2d 1160 (1993).

Although Employer relies on the *Holly* opinion for the proposition that health care workers are held to a higher standard of care and that inadvertence or non-intentional actions can be willful misconduct, we find *Holly* instructive in other respects also. In *Holly,* the claimant, a phlebotomist, mislabeled a vial containing a patient's blood. While the referee granted benefits, finding the mislabelling to be inadvertent, the Board reversed, concluding that the mislabelling was a direct violation of the employer's policy. On appeal, the court discussed the higher standard applied to health care workers, but also noted the employer's past disciplinary measures had established a work rule and that the claimant had been "subject to progressive disciplinary measures that informed her that future violations could result in suspension and then discharge." *Id.* at 456 n. 7, 617 A.2d at 84 n. 7. Thus, the court concluded that the Board had correctly determined that the mislabelling incident amounted to willful misconduct, because the claimant knew of the employer's procedures and she repeatedly failed to comply.

In the case before us, Claimant does not contest the evidence presented by Employer that she received and signed a printed copy of Employer's personnel policy which set out in detail Employer's work rules with accompanying penalties for violations. Claimant did not refute Employer's evidence of prior warnings and suspensions resulting from prior infractions of the rules. Claimant did not challenge Employer's stated reason for termination; she admits that at times she did not complete her scheduled rounds and that she did not reposition three patients on her rounds on the last workday prior to her termination. Instead, Claimant attempts to rebut Employer's evidence by stating that she always took care of her patients even if she could not complete her rounds due to other job duties. She also contends that her failure to complete rounds was often caused by an understaffing problem.

In response, the Board acknowledges the higher standard of care that applies to health care workers, but contends that Employer did not provide evidence to demonstrate how Claimant's failure to reposition three patients fell below that standard. The Board stated that "Employer offered no evidence nor did it elicit any testimony from witnesses concerning what the proper procedure was that Claimant should have followed when confronted with residents who did not want to be repositioned." (Board's Brief, p. 12.)

This argument misses the point. Employer needs only to prove the existence of the policy and that the claimant engaged in misconduct that was a violation of the policy. *Moore. See also Gillins v. Unemployment Compensation Board of Review,* 534 Pa. 590, 633 A.2d 1150 (1993). Employer did just that. The record contains a copy of the policy, signed by Claimant evidencing her receipt. The record also contains numerous "Employee Conference Reports" showing the date and types of infractions committed by Claimant and the disciplinary action taken. This documentation plus testimony by Employer's witness, Susan Stevanus, Claimant's supervisor, and testimony presented by Claimant herself prove the existence of the policy that the claimant engaged in misconduct that was a violation of the policy. The Employee Conference Report of April 20, 1994, (R.R. 50), notes that two of the patients not repositioned suffered from sacral bedsores (decubitus) and needed repositioning frequently. Claimant had previously been cited for such misconduct.

Moreover, the Board, in its opinion, recognizes Employer's progressive disciplinary policy and Claimant's unsatisfactory job performance, but excuses the inadequate job performance by terming it "not deliberate." (Board's decision.) However, the *Holly* opin-

ion reiterates the holding in *Philadelphia Geriatric Center v. Unemployment Compensation Board of Review*, 46 Pa.Commonwealth Ct. 357, 406 A.2d 1177 (1979), wherein the court stated that failure by a health care worker to perform prescribed treatment or mark charts correctly, which are vital components of the worker's obligation to her employer and her patients, is a sufficiently serious offense to constitute willful misconduct. Based on this rationale, the *Holly* court did not accept inadvertence nor non-intentional failure to follow an employer's work rule as a defense. We will not do so either.

■ Based on the above stated rationale, we hold that the Board erred as a matter of law in determining that Claimant's alleged unintentional failure to follow Employer's rules did not rise to the level of willful misconduct. Claimant's conduct here was in violation of Employer's policy and, because as a health care provider Claimant is held to a higher standard of care, her violation of Employer's policy constitutes willful misconduct.[3]

■ We also recognize that, after an employer has established that a claimant's conduct constitutes willful misconduct, the burden then shifts to the claimant to prove that good cause or a reasonable basis existed for his or her conduct. *Metropolitan Edison.* When a claimant asserts that he or she had good cause for failing to comply with an employer's request or rule, the court must examine whether the action of the employee is justifiable or reasonable under the circumstances. *Id.* This Court typically requires extraordinary circumstances to justify an employee's refusal to comply with an employer's reasonable request. *Id.*

■ Here, Claimant may have believed that it was acceptable to not reposition patients. However, she should have communicated her concerns or questions to a supervisor regarding whether she could abide by the wishes of a patient. In fact, Claimant's signature appears on a document describing her job duties which specifically includes the requirement that a nursing assistant report

progress with her assignments to the nurse in charge. A problem with a patient that prohibits her from following the established procedure certainly merits such a communication. Because the rules set out by Employer required Claimant to perform the repositioning of patients, she should have understood that there were reasons underlying this requirement. Informative communication with her Employer would have helped Claimant sustain her burden of proving good cause for failing to comply with Employer's rules. *See Bortz v. Unemployment Compensation Board of Review*, 76 Pa.Commonwealth Ct. 436, 464 A.2d 609 (1983). Under these circumstances, we conclude that Claimant's actions did not constitute proof of good cause.

Accordingly, we reverse the Board's order granting unemployment compensation benefits to Claimant.

PELLEGRINI, J., dissents.

### ORDER

NOW, March 15, 1995, the order of the Unemployment Compensation Board of Review, dated August 25, 1994, at B–328938, is reversed.

---

**3.** Because we conclude as a matter of law that Claimant's conduct constituted willful misconduct, we need not address Employer's substantial evidence argument.