**Debra L. WEBB, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 29, 1995.

Decided Feb. 1, 1996.

---

Gerald Sullivan, for Petitioner.

Judith M. Gilroy, Assistant Counsel, for Respondent.

Clifford F. Blaze, Deputy Chief Counsel, for Respondent.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Debra L. Webb (Claimant) appeals from the order of the Unemployment Compensation Board of Review (UCBR) that affirmed the referee's denial of benefits to Claimant pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).[1] We reverse.

Claimant worked for Pennsylvania Electric Company (Employer) as a meter reader from June 1, 1984 through March 16, 1995. Employer had a "memorandum of understanding" policy regarding drug and alcohol use by employees which was jointly agreed upon by Employer and Claimant's union. The memorandum of understanding provides in pertinent part:

> Disciplinary action, up to and including discharge, may be appropriate in cases involving drug and/or alcohol. Such discipline action will be subject to the terms and conditions of the Labor Agreement.

> 5. In certain cases of accident or injury involving suspected drug or alcohol use, or where drug or alcohol use is believed evident which has or may affect job performance, the Company reserves the right to have the employee immediately undergo a medical examination to include drug and/or alcohol screening tests. Before any test is given under these circumstances, the Local Union Business Manager or designated representatives will be notified.

> 6. If an employee has entered a detoxification and rehabilitation program, future employment with the Company will be conditioned upon the employee's ability to remain drug and alcohol free and maintain an acceptable level of job performance. These conditions will be reviewed with the Local Union Business Manager or his designated representative and the employee at the time the employee returns to work.

> 7. Employees who have previously tested positive on the alcohol or drug screen will

---

1. Subsection 402(e) of the Law provides in pertinent part:

 An employe shall be ineligible for compensation for any week—

 (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

be subject to random screening for a five (5) year period. If such an employee tests positive on any of the random screens, their employment with the Company will be terminated. Employment will also be terminated for a refusal to undergo random testing.

(Record Item No. 3.)[2]

In 1992, Claimant voluntarily entered a detoxification unit for thirty days for alcohol abuse. Upon her return to work after her detoxification, Claimant and Employer met to discuss the terms of her employment. An Employer memorandum described the meeting and established the following conditions:

1. You will be subject to random drug and/or alcohol testing for a period of (5) five years. Positive results and/or refusal to undergo random testing will result in immediate termination of your employment.

2. Any incident relating to substance use that results in violation of Company rules and regulations or which affect any aspect of your job performance, including but not limited to, attendance, tardiness, productivity, or safety will result in immediate termination of your employment.

3. You will also be required to actively pursue and if requested provide the Company with documentation of your continuing recovery activities outlined in your continuing care follow-up agreement.

(Record Item No. 4.)

For the following two years, Claimant was alcohol free and underwent three random drug and alcohol tests, the results of which were negative. (Record Item No. 8.)

On March 16, 1995, Claimant was arrested for driving under the influence of alcohol during her off-duty hours. Employer placed Claimant on a disciplinary suspension and eventually terminated Claimant for violation of the terms of her employment. Claimant filed for unemployment benefits which, following a hearing before a referee, were denied. The UCBR affirmed, holding that

Claimant's actions were tantamount to willful misconduct connected to her work.

On appeal to this Court,[3] Claimant argues that the UCBR erred as a matter of law in holding that her actions were tantamount to willful misconduct because the rule requiring an employee who has entered into a detoxification program to remain drug and alcohol free for a period of five years, on or off the job, is unreasonable.

Whether a claimant has committed willful misconduct is a question of law, reviewable by this Court. *Harris v. Unemployment Compensation Board of Review,* 67 Pa.Cmwlth. 537, 447 A.2d 1060 (1982). For behavior to constitute willful misconduct, the conduct must evidence the wanton and willful disregard of the employer's interests, the deliberate violation of the employer's rules, the disregard of standards of behavior which an employer can rightfully expect of his employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa.Cmwlth. 90, 309 A.2d 165 (1973). It is the employer that bears the burden of proving that an employee's action was willful misconduct. *Stauffer v. Unemployment Compensation Board of Review,* 71 Pa.Cmwlth. 569, 455 A.2d 300 (1983).

Employer discharged Claimant for violation of its rule that an employee must remain alcohol free for a period of five years following a detoxification program. According to this work rule, a "post-detox" employee will be deemed to have violated the work rule if, during the five-year post-detox period, that employee consumes *any* alcohol at *any* time at *any* place regardless of whether or not the alcohol intake has *any* effect on the employee's work performance or attendance. While Employer testified that he was not aware of

---

**2.** Employer based its termination of Claimant on memorandum of understanding No. 6.

**3.** Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

any effect that Claimant's alcohol intake had on her job performance or attendance, Employer nonetheless terminated Claimant. (Notes of Testimony of June 5, 1995 hearing at 4.)

■ An employer bears the burden of proving that willful misconduct was committed by the employee. *Stauffer.* A deliberate refusal to comply with an employer's work rule or demand ordinarily constitutes willful misconduct. *Strohecker v. Unemployment Compensation Board of Review,* 33 Pa. Cmwlth. 526, 382 A.2d 160 (1978). However, the refusal by an employee to comply with a work rule or demand which is *unreasonable* is not willful misconduct. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976); *Dearolf v. Unemployment Compensation Board of Review,* 59 Pa.Cmwlth. 493, 429 A.2d 1284 (1981); *Tisak v. Unemployment Compensation Board of Review,* 56 Pa.Cmwlth. 399, 424 A.2d 635 (1981); and *Kindrew v. Unemployment Compensation Board of Review,* 37 Pa.Cmwlth. 9, 388 A.2d 801 (1978).

■ Claimant argues that Employer's work rule requiring an employee who has entered a detoxification program to remain alcohol-free for a five-year period is unreasonable. In determining whether or not a rule is reasonable, the Court must consider whether application of the rule or policy under the circumstances is fair and just and appropriate to accomplish a legitimate interest of the employer. *See Spirnak v. Unemployment Compensation Board of Review,* 125 Pa.Cmwlth. 354, 557 A.2d 451 (1989).

In *Szostek v. Unemployment Compensation Board of Review,* 116 Pa.Cmwlth. 7, 541 A.2d 48 (1988), an employee underwent drug rehabilitation and upon return from the program tested positive when administered a drug test. The employer discharged the employee for willful misconduct for violating the rule that he remain drug free.

Here, Employer discharged Claimant for violating a similar rule; however, the factual situation differs because Claimant did not test positive *at the work site.* Further, the employer in *Szostek* testified as to the pur-

pose behind its work rule and that the rule was deemed to be reasonable. Here, Employer did not present any testimony as to the reason behind the specific work rule for which it terminated Claimant.[4]

The fact that Claimant was a member of the union which created the work rule does not render the work rule any less unreasonable. In *Gillins v. Unemployment Compensation Board of Review,* 534 Pa. 590, 633 A.2d 1150 (1993), an employee's discharge was based upon a violation of the employer-union collective bargaining agreement and code of ethics. The Supreme Court would not allow the employer's policy to dictate whether the employee was eligible for unemployment compensation benefits. The Court stated:

> Although an employer may lawfully discharge or suspend an employee for a policy violation, this Court will not allow an employer policy to command whether an employee is ineligible for benefits.

*Id.* at 599, 633 A.2d at 1155. The Supreme Court in *Gillins* found that the Commonwealth Court improperly allowed an employer policy to govern the determination of benefits rather than requiring the employer to satisfy its burden of proof in a willful misconduct case.

■ In a willful misconduct case, the issue is not whether the employer has a right to discharge the employee for the conduct in question, but rather the state must show that it is justified in reinforcing the employer's decision by denying benefits for such conduct. *Frumento; Schwab v. Unemployment Compensation Board of Review,* 58 Pa. Cmwlth. 387, 427 A.2d 789 (1981). A critical distinction exists between an employer's right to terminate employment and a state's right to deny unemployment compensation benefits. *B.K. Foods v. Unemployment Compensation Board of Review,* 119 Pa. Cmwlth. 632, 547 A.2d 873 (1988); *Breininger v. Unemployment Compensation Board of Review,* 103 Pa.Cmwlth. 502, 520 A.2d 949 (1987).

**4.** *See* n. 2.

Additionally, Section 3 of the Law, 43 P.S. § 752, must be considered when construing all other sections of the Law.[5] Section 3 declares that the policy behind the Law is to provide security against unemployment and the spread of indigency for employees who "become unemployed through no fault of their own."

 In *Gillins,* one of the claimants was discharged for violation of the employer's rule prohibiting arrest for off-the-job drug activity, which arguably qualified as conduct not connected with work. The Supreme Court held that Section 3 was applicable as an independent ground for allowing benefits when the individual is unemployed through his or her own fault due to conduct *not connected with work.*[6] The Court focused on the fact that Section 3 of the Law was the "keystone upon which the entire [Law] rests and was the basis upon which the individual sections of the [Law] must be interpreted and construed." *Id.* 534 Pa. at 603, 633 A.2d at 1157 *citing Department of Labor and Industry.* Considering Section 3 and the requirement of Section 402(e) that willful misconduct be connected with a claimant's work, we hold that the UCBR erred as a matter of law in concluding that Claimant's actions were willful misconduct connected with her work.

Accordingly, we reverse.

### ORDER

AND NOW, this 1st day of February, 1996, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed.

---

**5.** *See Department of Labor and Industry, Bureau of Employment Security v. Unemployment Compensation Board of Review,* 418 Pa. 471, 211 A.2d 463 (1965).

**6.** *See also, Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review,* 96 Pa.Cmwlth. 38, 506 A.2d 974 (1986).