Diana A. BURGER, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 6, 2000.

Decided May 18, 2001.

Publication Ordered July 17, 2001.

Stephen D. Wicks, Altoona, for petitioner.

Andrew J. Kennedy, Altoona, for respondent.

Before DOYLE, President Judge, and COLINS, Judge, McGINLEY, Judge, SMITH, Judge, PELLEGRINI, Judge, FLAHERTY, Judge, and LEADBETTER, Judge.

SMITH, Judge.

Diana A. Burger (Burger) petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed the decision of a referee denying her claim for unemployment compensation benefits. Burger states the is-

sue as whether an employee's off-the-job drug activity will support a finding of willful misconduct when the drug activity does not violate the employer's drug policy and the activity is not connected to the employee's work.

Garvey Manor (Employer) employed Burger as a certified nurse's aide from March 24, 1994 until November 9, 1999. On that date, Burger was summoned to a meeting with Joann Kasun, the Director of Human Services for Employer, and Mary Ann Sirko, Director of Nursing Services. Burger had sustained a work-related injury and had received treatment from her personal physician. Burger's physician sent Employer a bill with an attached medical history in which Burger admitted to using marijuana daily and using prescription medications illegally. Kasun and Sirko confronted Burger with the allegation of illegal drug use and then showed her the medical history. Kasun stated that Burger admitted using marijuana on a daily basis and stated further that she used her daughter's pain prescriptions but did not use prescriptions off the streets, as the report indicated.

Employer had distributed to all employees a handbook with a partial listing of behavior considered unacceptable in the workplace, including reporting to work or working under the influence of alcohol or illegal drugs, or the improper use, causing impairment, of prescription medication and violation of safety or health rules. Kasun testified that Burger, as a certified nurse's aide, was in constant contact with residents and that she was terminated because Employer could not be sure that she would be able to care safely for residents. Burger testified that she did use marijuana on a daily basis, in the evening, but that she never reported to work directly after using marijuana.

The referee denied Burger's application for benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e), which provides that a claimant shall be ineligible for benefits for any week in which his or her unemployment is due to "discharge or temporary suspension from work for willful misconduct connected with [the] work." *See Broadus v. Unemployment Compensation Board of Review,* 721 A.2d 70 (Pa.Cmwlth.1998). The referee stated that nothing in the record established that Burger's admitted drug use affected her job performance. Therefore it did not fall under Employer's policy. Nevertheless, the referee concluded that under the general definition of willful misconduct, Burger's conduct was behavior that an employer should not have to accept from an employee. The Board affirmed. The Court's review of the Board's order is limited to determining whether there was a constitutional violation or an error of law and whether the necessary findings of the Board are supported by substantial evidence in the record. *Broadus.*

Whether employee conduct constitutes willful misconduct is a question of law fully reviewable by this Court. *Gwynedd Square Center v. Unemployment Compensation Board of Review,* 656 A.2d 562 (Pa.Cmwlth.1995). The employer bears the burden of proving willful misconduct. *Broadus.* Burger begins by quoting the definition of willful misconduct in *Gillins v. Unemployment Compensation Board of Review,* 534 Pa. 590, 633 A.2d 1150 (1993). She cites *Webb v. Unemployment Compensation Board of Review,* 670 A.2d 1212, 1216 (Pa.Cmwlth.1996), for the principle that Section 402(e) requires "that willful misconduct be connected with a claimant's work." She notes that the Court stated in *Gallagher v. Unemploy-*

*ment Compensation Board of Review*, 36 Pa.Cmwlth. 599, 388 A.2d 785, 787 (1978), that "[a]n employer may require that his employees be exemplary citizens off the job as well as on. He may discharge them for failing to live up to this standard. .... However, acting in a manner meriting the employer's disapproval does not disqualify an employee from receiving unemployment compensation upon his discharge unless his dereliction is *connected with his work.*"

Burger points out that in *Webb* the Court held that the connection-to-work requirement meant that a claimant's off-the-job arrest for driving under the influence of alcohol did not constitute willful misconduct under Section 402(e) of the Law, where the employer's work rule against an employee's using alcohol for five years after rehabilitation was deemed to be unreasonable. She contends that *Webb* controls and that it would not permit a finding of willful misconduct. In addition, Burger notes that this case was decided under Section 402(e), and she asserts that Section 3, 43 P.S. § 752, stating that compensation is intended to assist "persons unemployed through no fault of their own," therefore does not apply. If the Court deems Section 3 to be applicable, Burger contends that Employer has failed to satisfy its burden of proving that her behavior "directly reflects upon [her] ability to perform [her] assigned duties." *Mills v. Unemployment Compensation Board of Review*, 115 Pa.Cmwlth. 277, 539 A.2d 956, 957 (1988).

Employer responds that, because Burger habitually used marijuana at night and abused prescription painkillers, she could have harmed patients, and therefore she subjected Employer to potential liability in disregard of Employer's interests and of the standard of behavior that it had a right to expect. Employer compares this case to *Derry v. Unemployment Compensation*

*Board of Review*, 693 A.2d 622 (Pa. Cmwlth.1997), where the Court affirmed the denial of benefits to a worker with troubled adolescents who violated a known employer policy against illegal drug use, even away from work, thereby undermining his own function as a role model and possibly the public's confidence in the employer's programs.

The Court agrees that Burger's conduct constituted willful misconduct connected with her work. First, Burger admitted to using marijuana at home in the evening every day, and she agreed that she should not be working when she was under its influence—she denied ever reporting to work in such a condition. In addition, she admitted to having a problem in regard to using painkillers that were not prescribed for her, for which she thought Employer should have given her rehabilitation rather than termination. N.T. at pp. 7, 9. The Court agrees that these admissions gave rise to a perfectly legitimate concern on Employer's part that Burger might well attempt to work in a sufficiently impaired condition to create safety problems. Burger's causing this concern was conduct connected to her work in violation of the standards that Employer had a right to expect.

In the alternative, the Supreme Court has stated that the policy of Section 3 of the Law, that benefits be reserved for those unemployed through no fault of their own, must be considered when construing all other sections of the Law. *Gillins.* The Supreme Court in *Gillins* adopted the test stated by this Court in *Unemployment Compensation Board of Review v. Derk*, 24 Pa.Cmwlth. 54, 353 A.2d 915 (1976), for analyzing cases involving criminal conduct away from the workplace: an employer must prove (1) that the conduct of the claimant leading to the arrest was inconsistent with acceptable standards of behav-

ior and (2) that the claimant's conduct directly reflects upon his or her ability to perform assigned duties. In the present case, although there was no arrest, Burger's admitted conduct is inconsistent with acceptable standards of behavior. The daily use of illegal drugs involved here, unlike some other forms of criminal activity, does reflect directly upon Burger's ability to perform her duties. Therefore, the order of the Board is affirmed.

### ORDER

AND NOW, this 18th day of May, 2001, the order of the Unemployment Compensation Board of Review is affirmed.