IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Corey A. Shawley,      :
             : No. 489 C.D. 2016
       Petitioner : Submitted: August 12, 2016
             :
     v.       :
             :
Unemployment Compensation   :
Board of Review,       :
             :
      Respondent :


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK        FILED: September 26, 2016


    Corey A. Shawley (Claimant), *pro se,* petitions for review of the order
of the Unemployment Compensation Board of Review (Board), which affirmed a
referee's decision and held that Claimant was ineligible for benefits under Section
402(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S.
§802(e).  Section 402(e) provides that an employee shall be ineligible for compensation for any
week in which his unemployment is due to willful misconduct connected with his work.  The
Law does not define willful misconduct; however, our courts have defined the term as including:
wanton or willful disregard for the employer's interests; a deliberate violation of the employer's
rules; a disregard for standards of behavior that the employer can rightfully expect of an
employee; or negligence indicating an intentional disregard of the employer's interest or the
employee's duties or obligations.  *Great Valley Publishing v. Unemployment Compensation
Board of Review*, 136 A.3d 532, 534 n.1 (Pa. Cmwlth. 2016).

Claimant was employed full-time by Beri Property Services (Employer) for approximately two and one-half years as a field supervisor earning $11.00 per hour when he was discharged on October 12, 2015. The local service center determined that Claimant was ineligible for benefits under Section 402(e) of the Law. Claimant appealed, and a referee held a hearing at which both parties were represented by counsel.

Douglas Beri, Employer's owner, testified that Employer's policies are set forth in its employee handbook, which is given to all employees. Exhibits E-1, E-2. Beri stated that employees are required to start work at 8:00 a.m. during summer months and 7:00 a.m. during winter months. He added that there is no specific time to end the work day; rather, employees are given a list of orders to complete each day and must get approval to end the day if they have not completed those orders. As reflected in the employee handbook, disciplinary actions for violations of Employer's policy, including excessive tardiness, include written warnings, suspension without pay, and termination. Notes of Testimony (N.T.) at 5-6.

Beri testified that Claimant received a performance evaluation in May 2015, and was advised that he needed to "greatly decrease the number of times he is late." Exhibit E-3. On July 28, 2015, Employer issued Claimant a written warning for his tardiness on 8 occasions in July. The document, which Claimant signed, warned Claimant that tardiness was a violation of Employer's policy and that repeated violations could lead to his discharge. Exhibit E-7. Employer issued two more written warnings to Claimant on August 7, 2015: a second, "last chance," warning concerning additional instances of tardiness and a warning for ending the day without completing his work and without permission on August 5,

2

2015. Employer also suspended Claimant without pay until August 15, 2015. Exhibits E-5, E-6, E-7.

Beri testified that Claimant texted him on October 11, 2015, at 7:00 a.m. and asked to switch his work day for another day in the week. Beri said that he told Claimant it was not possible to change his schedule and that he expected Claimant to come to work. Claimant did not respond or report to work, and Employer terminated his employment on October 12, 2015. N.T. at 8.

George Moschgat, Employer's office manager, testified that his duties included maintaining employees' files and working with Beri on disciplinary actions. He stated that he completed the disciplinary forms issued to Claimant and that Employer discharged Claimant for not coming to work after receiving repeated warnings for tardiness. N.T. at 11-15.

Claimant testified that Employer allowed employees to arrive 15 to 30 minutes after the start time. He stated that he occasionally arrived later than that if he had worked excessive hours the previous day. Claimant said that he asked for permission to switch his work days because he was ill, but he acknowledged that he did not make that clear to Beri. N.T. at 15-16.

In her January 12, 2016 opinion, the referee credited Employer's evidence and found it sufficient to establish that Claimant was discharged due to a history of attendance issues, including his failure to report to work on October 11, 2015. The referee noted that Claimant did not inform Employer that he would not be coming to work that day nor did he advise Employer that he was ill. The referee concluded that Claimant's actions constituted willful misconduct rendering him ineligible for benefits under Section 402(e) of the Law.

3

Claimant appealed to the Board, arguing that his actions did not amount to willful misconduct and that he called off work with good cause because he was sick. Claimant asserted that he had no record of absenteeism and that he informed Employer that he was taking a sick day. The Board affirmed the referee's decision, adopting the referee's findings and conclusions.

On appeal to this Court,[2] Claimant argues that his calling off work due to illness was not willful misconduct. Claimant further contends that although he was disciplined for multiple instances of tardiness, he was never threatened with discharge until he emailed Employer that he was sick and asked to change his schedule.[3]

An employer bears the burden of proving that a claimant is ineligible for unemployment compensation due to willful misconduct. *Walsh v. Unemployment Compensation Board of Review,* 943 A.2d 363, 368 (Pa. Cmwlth. 2008). Once the employer meets its burden, the burden shifts to the claimant to establish good cause for his conduct. *Chapman v. Unemployment Compensation Board of Review,* 20 A.3d 603, 607 (Pa. Cmwlth. 2011). We have previously found that habitual tardiness and failing to report to work in direct violation of a supervisor's order constitute willful misconduct. *Brady v. Unemployment Compensation Board of Review,* 727 A.2d 1199, 1201 (Pa. Cmwlth. 1999);

---

[2] Our scope of review is limited to determining whether the Board committed an error of law, violated constitutional rights, or made findings of fact unsupported by substantial evidence. *Emery Worldwide v. Unemployment Compensation Board of Review,* 540 A.2d 988, 989 n.2 (Pa. Cmwlth. 1988).

[3] Claimant also argues that the Board erred in finding that Employer discharged him for failing to report to work without notifying Employer, after finding that Claimant contacted Employer to switch work days. We discern no conflict in these findings.

4

*Harbutz v. Unemployment Compensation Board of Review,* 309 A.2d 840, 841 (Pa. Cmwlth. 1973). Correspondingly, we have held that absenteeism due to illness, if properly reported, does not constitute willful misconduct. *Pennsylvania Liquor Control Board v. Unemployment Compensation Board of Review*, 648 A.2d 124, 127 (Pa. Cmwlth. 1994).

In arguing that he was improperly discharged for calling off sick, Claimant relies on facts different from those found by the Board. In unemployment compensation proceedings, the Board is the ultimate fact-finder, empowered to determine the credibility of witnesses and resolve conflicts in evidence; the Board's findings are conclusive on appeal where they are supported by substantial evidence. *Curran v. Unemployment Compensation Board of Review,* 752 A.2d 938, 940 (Pa. Cmwlth. 2000). Moreover, contrary to his assertions on appeal, at the hearing before the referee Claimant testified unequivocally that he did *not* inform Employer that his desire to switch work days was due to illness.[4] N.T. at 16.

We have repeatedly held that in order to demonstrate good cause, an employee must notify his employer of the reasons for his conduct. *See Rebel v. Unemployment Compensation Board of Review*, 692 A.2d 304, 307 (Pa. Cmwlth. 1997) (claimant who failed to notify his employer of his reasons for refusing to submit to drug testing did not establish good cause for his conduct); *Klapec Trucking Co. v. Unemployment Compensation Board of Review*, 503 A.2d 1122, 1124 (Pa. Cmwlth. 1986) (truck driver who failed to obey employer's orders to

---

[4] Nevertheless, both Claimant and his attorney wrote to the Board, each asserting that Claimant was improperly discharged for calling off sick. Record Item No. 25.

unload and reload his truck did not establish good cause for his actions because he failed to advise the employer that doing so would exceed the hours-on-duty limit set by federal regulations); *Bortz v. Unemployment Compensation Board of Review*, 464 A.2d 609, 610 (Pa. Cmwlth. 1983) (employee who refused to wear air filtering helmet did not establish good cause for violating employer's rule where he failed to inform employer that his equipment was malfunctioning). As these cases illustrate, while communication with the employer is only one consideration in determining whether a claimant established good cause, it is a significant and potentially dispositive consideration.

Here, after issuing Claimant repeated warnings for tardiness, Employer denied Claimant's request to switch work days and ordered Claimant to report to work. Claimant did not report to work as directed or inform Employer of any reason for his absence. Because Claimant did not establish good cause for his conduct, the Board properly concluded that he is ineligible for benefits under Section 402(e) of the Law.

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Corey A. Shawley,              :
                                : No. 489 C.D. 2016
             Petitioner    :
                                :
          v.                :
                                :
Unemployment Compensation   :
Board of Review,            :
                                :
            Respondent   :

O R D E R

AND NOW, this 26th day of September, 2016, the order of the Unemployment Compensation Board of Review, dated March 4, 2016, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge