Robert D. Martin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1977, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Louis M. Shucker,* with him *Herbert Karasin,* for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., October 26, 1977:

Unemployment compensation claimant Robert D. Martin (Claimant) has appealed to us from the decision of the Unemployment Compensation Board of Review affirming the referee's denial of benefits under Section 402(b)(1) of the Unemployment Compensation Law[1] on the ground that Claimant had voluntarily terminated his employment without cause of a necessitous and compelling nature. We reverse.

Claimant was employed by Industrial Sanitation in Reading, Pennsylvania, when he suffered a work-related injury to his back on August 1, 1975. He began collecting workmen's compensation benefits and took a leave of absence from work. On Wednesday,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

November 5, Claimant's physician discharged him with the restriction that he not lift over 100 pounds. On the following Monday, November 10, Claimant contacted his employer regarding his return to work and was told that someone had been hired to replace him. The record reveals that during the period of approximately three months that Claimant was out of work, he kept in regular contact with his employer; that he and the employer are personal friends and had lunch together about once a week; that they discussed the seriousness and possible lasting effect of Claimant's injury and its possible effect on his ability to perform his employment duties, which occasionally required him to lift loads weighing in excess of 100 pounds; that the employer stated that if Claimant felt there was a danger of his reinjuring his back, then he should perhaps seek some other type of work; that the employer advertised in the local newspaper for a replacement for Claimant; and that the employer told Claimant that light work and temporary help would be available to Claimant for some period after his return to work. It appears that on either November 5 or 6 the employer contacted the physician and learned from him of Claimant's medical discharge. The employer contends that he did not hear from Claimant on Thursday or Friday and, consequently, he assumed Claimant had decided not to return to work and proceeded in hiring a replacement for him.

The question therefore is whether the employe voluntarily terminated his employment or was fired or, in Claimant's words, was "phased out" of his job. Our careful study of the entire record, particularly the parties' statements before the referee, leads us to hold that the facts do not support the referee's and the Board's conclusion that Claimant voluntarily chose not to return to work. We have held that an unauthorized absenteeism, while it may constitute just cause for dismissal, is not tantamount to a resigna-

tion. *Haseleu v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 96, 316 A.2d 159 (1974). Here, the situation does not even equal in severity an unauthorized absenteeism. Under the particular circumstances of this case, where Claimant and the employer were in close contact throughout the period of separation, and where the question of whether Claimant would return to work had been discussed by the parties but had not been resolved, and the employer knew that it had not been resolved, we believe the employer was not justified in concluding that Claimant's failure to contact him during the two work days following his medical discharge, without more, was an indication of his decision not to return to work. The drawing of such a conclusion in so short a period of time, by an employer who had maintained close contact with his employe, required a definite statement by the employe of his intention to terminate his employment. Since no such statement was made here, we must reverse the Board and hold that Claimant did not voluntarily terminate his employment and award benefits. In so holding, we reaffirm the well-settled principle that the Unemployment Compensation Law is a remedial measure and must be liberally and broadly construed. *MacFarland v. Unemployment Compensation Board of Review*, 158 Pa. Superior Ct. 418, 45 A.2d 423 (1946); *Trexler v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 180, 365 A.2d 1341 (1976).

Accordingly, we

### ORDER

AND Now, this 26th day of October, 1977, the decision of the Unemployment Compensation Board of Review denying benefits to Robert D. Martin is reversed and benefits are awarded. The record is remanded to the Board for computation of benefits consistent with this opinion.