Virgil Schwab, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

388

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Richard Sandow,* with him *Stuart A. Cilo,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, April 9, 1981:

Virgil Schwab (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which denied benefits for willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law.[1] We reverse.

Claimant had been employed as a draftsman by Geisinger Medical Center (employer) for 7 years, when he was discharged for accumulating four parking violations within a 24-month period, in contravention of the employer's rule. Claimant does not dispute that he violated the employer's regulations by parking in prohibited zones. Rather, claimant argues that he had good cause to disobey the employer's regulations because of a physical handicap which hinders his ability to walk long distances.

The issue of whether an employee's actions constitute willful misconduct is a question of law subject to our review. *McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 383 A.2d 533 (1978). The actions must represent a disregard of the standards of behavior that the employer has a right to expect of his employee. *Williams v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977). Thus, we must examine both the employee's reason for noncompliance with the employer's rule and the reasonableness of this rule in light of all of the circumstances. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

We emphasize that the issue in willful misconduct cases is not whether the employer had the right to discharge the employee for the conduct in question, but whether the State is justified in reinforcing that de-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

cision by denying benefits under the Unemployment Compensation Law for such conduct. *Frumento, supra.* In examining this issue, we must keep in mind that the purpose of the Act is remedial in nature and must be liberally construed. *Martin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 270, 378 A.2d 1052 (1977).

Applying these precepts to the facts of this case, we are convinced that the Board erred in denying benefits to claimant. The employer had parking facilities for 1800 automobiles, with approximately 6 parking spaces set aside for use by all handicapped employees and visitors.[2] The employer freely acknowledges that claimant is physically handicapped by emphysema and cardiovascular disease and that claimant requested more suitable parking privileges on numerous occasions. The employer further concedes that it was notified by a physician on its staff that claimant should be permitted to use parking areas closer to his place of employment, since his disease is "symptomatic with physical effort." The employer does not dispute that claimant's work schedule often made it difficult for him to find an open space near his place of employment in the areas in which he was allowed to park. Yet the employer made no reasonable attempt to accommodate claimant's handicap. Under these circumstances, we cannot agree with the employer that claimant was guilty of willful misconduct, irrespective of

---

[2] Claimant testified that he was only permitted to park in the employee lots on a first-come-first-served basis, except for a 3-week period in which he was allowed to use the emergency parking area. Claimant further stated that he was not permitted to park in the spaces set aside for general use by handicapped persons, although the employer testified to the contrary. It is clear, however, that claimant was never assigned a reserved parking space in any of the lots close to his place of employment, including general employee parking lots, although such areas concededly existed.

his handicap, for receiving four parking violations. While we recognize the employer's need to have parking rules observed, the employee's safety and well-being must be paramount. *See McLean, supra.* Therefore, we believe that the employer's rule was unreasonable as applied to claimant.[3]

Accordingly, we enter the following

## ORDER

AND Now, this 9th day of April, 1981, the order of the Unemployment Compensation Board of Review, denying benefits to Virgil Schwab, is reversed, and the record is remanded to the Board for computation of benefits.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON.

---

[3] Claimant argues that a finding of willful misconduct cannot constitutionally be sustained where the discharge results from the employer's violation of Section 504 of the Rehabilitation Act of 1973, *as amended*, 29 U.S.C. §794, which prohibits discrimination on the basis of handicap by participants in federally funded programs. Because of our holding, we need not reach the merits of this argument.

---

DISSENTING OPINION BY JUDGE BLATT:

I regret that I must dissent.

The evidence in the record supports the Board's finding that the claimant was aware of the employer's rules as to parking violations and, as a part of his job, was or should have been aware of the location of the fire lane and fire hydrant involved in the fourth violation which resulted in his dismissal. I believe that such conduct rises to the level of willful misconduct, and that an employee who attempts to justify such misconduct by a showing of good cause bears the burden of proving such good cause, *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Common-

wealth Ct. 138, 409 A.2d 126 (1979), yet here the Board specifically found that the claimant's health condition was "insufficient to justify that conduct."

I agree with the determination made by the Board and, therefore, would conclude that the claimant has not met his burden of proving good cause.