509 A.2d 983

Patrick J. McMahon, and Other Similarly Situated Claimant Employees of Mesta Machine Company, Members of United Steelworkers of America, AFL-CIO-CLC, Local Union No. 7174, Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 12, 1986, before President Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MACPHAIL, BARRY, COLINS and PALLADINO.

*Richard E. Gordon,* with him, *Howard Grossinger,* for petitioners.

*Donna M. Stanek,* Associate Counsel, with her, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 28, 1986:

This is an appeal by Patrick J. McMahon (Claimant) and similarly situated employees of Mesta Machine Company (Mesta)[1] from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision which held that a special initial payment made to Mesta employees pursuant to the provisions of the Mesta Employee Retirement Plan must offset unemployment compensation benefits pursuant to Section 404(d)(iii) of the Unemployment Compensation Law (Law).[2] We affirm in part and reverse in part.

---

[1] Claimant is a token claimant. Other Mesta employees have stipulated that disposition of the legal issue in his case will be determinative of their claims as well.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(d)(iii).

· Claimant was last employed by Mesta on May 27, 1983. In February of 1983, Mesta instituted bankruptcy proceedings and, in May of 1983, Mesta advised eligible employees that if they applied for a "70/80" pension Mesta would pay each eligible employee three hundred dollars per month in addition to the regular monthly pension amount. The "70/80" pension plan provides for an initial lump sum payment to be made to retiring employees for the first thirteen weeks of retirement. The initial payment is calculated as follows:

> The amount of special payment for a participant who was entitled to receive a vacation in the year of retirement or who would have been entitled to receive a vacation in the year of retirement except for such retirement shall be calculated as follows:
>
> (1) The number of weeks of vacation to which the participant was or would have been entitled will be determined.
>
> (2) The number determined in (1) above shall be subtracted from 13.
>
> (3) The number determined in (1) above shall be multiplied by the participant's vacation pay.

---

Section 404(d) provides, in pertinent part:

(d) Notwithstanding any other provisions of this section each eligible employee who is unemployed with respect to any week ending subsequent to July 1, 1980 shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (ii) vacation pay, if any, which is in excess of his partial benefit credit, except when paid to an employe who is permanently or indefinitely separated from his employment and (iii) an amount equal to the amount of a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual, which is reasonably attributable to such week, in accordance with this subsection. . . .

(4) The result determined in (2) above shall be multiplied by the participant's adjusted vacation pay.

(5) The amounts calculated in (3) and (4) above shall be added together and then reduced by all vacation pay the participant received in such year.

At the time of his retirement, Claimant was entitled to five weeks of vacation for calendar year 1983 and had not taken any vacation. Claimant received an initial lump sum payment in the amount of $4,545.84 which was based upon eight weeks of adjusted vacation pay ($2,264.64) and five weeks of regular vacation pay ($2,281.20).

Claimant applied for unemployment compensation benefits which were denied pursuant to Section 404(d)(iii) of the Law because the initial lump sum payment, when allocated over the first thirteen weeks of Claimant's retirement, exceeded Claimant's weekly benefit rate. This denial of benefits was affirmed by the Board.

Claimant now appeals to this Court asserting that the Board erred in construing the initial lump sum payment as a pension rather than severance pay or, in the alternative, that the $2,281.20 representing five weeks of vacation pay, which was included in the lump sum payment, is not subject to the reduction of benefits provisions of Section 404(d)(iii) but is specifically exempted from Section 404(d)(iii) by Section 404(d)(ii).[3]

---

[3] Claimant also argues that Board regulation 65.104, 34 Pa. Code §65.104 is contrary to Sections 404(d)(ii) and 404(d)(iii) of the Law and that Section 404 (d)(iii) of the Law denies Claimant equal protection of the laws. Because we conclude that Claimant's vacation pay is not to be used to reduce his unemployment compensation benefits we need not address the question of whether regulation 65.104 is contrary to the Law. Claimant's constitutional chal-

The precise issues raised by Claimant in the case at bar were considered and decided by this Court in *Pane v. Unemployment Compensation Board of Review*, 95 Pa. Commonwealth Ct. 40, 504 A.2d 958 (1986), *petition for allowance of appeal filed* 116 W.D. Allocator Docket 1986, March 7, 1986. In *Pane* we held that money representing vacation pay, which was included in a special initial payment of retirement benefits under a plan identical to Mesta's, retains its character as vacation pay and is not to be used to reduce a claimant's weekly benefit rate. *Id.* at 44-45, 504 A.2d at 960-61. *Pane* also held that the special initial payment which did not represent vacation pay is a pension and not severance pay and, therefore, is subject to the provisions of Section 404(d)(iii). *Id.* at 43, 504 A.2d at 960.

The Board attempts to distinguish *Pane* from the instant case on the basis that the claimant in *Pane* was forced to retire because the employer closed its plant, while in the case at bar Claimant chose to retire on June 1, 1983 and Mesta sold the plant to another employer on June 15, 1983. The Board argues that Claimant's unemployment is therefore voluntary and benefits should be denied pursuant to Section 402(b) of the Law.[4] This argument, however, was not raised before the Office of Employment Security, the referee, or the Board and, as the Board well knows, this Court will not consider it initially on appeal.

Because we conclude that *Pane* is controlling upon the case at bar, the order of the Board is reversed insofar as it reduces Claimant's unemployment compensation benefits by the amount of five weeks of vacation pay and is affirmed in all other respects.

---

lenge has been previously considered and rejected by this Court. *See Latella v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 14, 459 A.2d 464 (1983).

[4] 43 P.S. §802(b).

ORDER

AND NOW, May 28, 1986, the order of the Unemployment Compensation Board of Review, at B-233861, dated August 30, 1984, is reversed insofar as it reduces the unemployment compensation benefits by the amount of the five weeks of regular vacation pay and is affirmed in all other respects.