542 A.2d 196

Adolph L. Placek, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Steven Kocherzat,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, June 1, 1988:

Adolph Placek (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board), which affirmed the decision of the referee holding that a special payment received by Claimant was subject to the pension deduction provided for in Section 404(d)(iii) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(d)(iii).[1] The Board's decision is vacated and remanded for additional findings of fact.

---

[1] Section 404(d) provides, *inter alia:*

Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to July 1, 1980 shall be paid,

The sole issue raised by Claimant is whether, as he contends, five weeks of the fourteen weeks' special payment which he received upon retirement is allocable to vacation pay or whether, as the Board contends, the entire amount was properly deducted under Section 404(d)(iii). Claimant filed for benefits with the Office of Employment Security (OES) which issued a determination that the special payment be deducted from benefits pursuant to Section 404(d)(iii). The referee affirmed the OES, and on appeal to the Board, the referee's decision was affirmed.

Our scope of review in unemployment compensation cases is limited to determining whether the findings of fact made by the referee and the Board are supported by substantial evidence in the record as a whole; an error of law was committed; or any of Claimant's constitutional rights were violated. *See Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986); *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

The issue raised by Claimant was previously decided by this Court in *Pane v. Unemployment Compensation Board of Review,* 95 Pa. Commonwealth Ct. 40, 504 A.2d 958 (1986), where claimant alleged and proved that five weeks of the fourteen weeks' special payment

with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (ii) vacation pay, if any, which is in excess of his partial benefits credit, except when paid to an employe who is permanently or indefinitely separated from his employment and (iii) an amount equal to the amount of a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual, which is reasonably attributable to such week, in accordance with this subsection. . . .

received upon retirement were attributable to unused vacation time, and should not have been deducted from claimant's weekly benefit rate under Section 404(d)(iii). *See also McMahon v. Unemployment Compensation Board of Review,* 97 Pa. Commonwealth Ct. 480, 509 A.2d 983 (1986). Accordingly, in the instant appeal, this Court is bound to remand to the Board under *Kirkwood* for specific credibility findings against Claimant if in fact his assertion of the five weeks' vacation time is not supported by substantial evidence in the record taken as a whole.

The referee's finding, adopted by the Board, that Claimant received 14 weeks of company base special pay of $398.98 per week is challenged by Claimant. It is significant that Claimant testified at the hearing before the referee that he was "almost sure" that he had earned, but not used, the five weeks' of vacation. N.T. p. 4. In his Petition for Appeal before the Board, Claimant averred that the five weeks constituted unused, but earned vacation. Employer was not present at the hearing to offer testimony to the contrary.

Having ruled against the burdened party under the circumstances, and, further, in view of this Court's holding in *Pane,* the Board's order must be vacated and this case remanded to the Board to make additional findings of fact consistent with this opinion.

## ORDER

AND NOW, this 1st day of June, 1988, the order of the Unemployment Compensation Board of Review dated June 5, 1986 is vacated and the case is remanded to the Board for additional findings of fact consistent with the Court's opinion in this case.

Jurisdiction relinquished.