557 A.2d 451

Rose Spirnak, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 20, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*John Stember, Neighborhood Legal Services Association,* for petitioner.

*Wade A. Fluck,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, April 25, 1989:

Rose Spirnak (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] The Board's order is reversed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

Claimant was employed as a cashier by Pace Warehouse (Employer) from November 22, 1985, until her discharge on November 22, 1987. At the time in question, Employer had in force a company policy which mandated that any cash register overages or shortages in the amount of ten dollars or more would warrant a verbal warning for the first offense, a written warning for the second offense, and termination for the third offense.[2] Claimant received her first warning on June 21, 1987, for a ten dollar shortage. On October 23, 1987, Claimant received a written warning for a twenty dollar shortage. Finally, Claimant was charged with her third offense on November 20, 1987, for a ten dollar shortage resulting in her discharge.

Claimant filed for unemployment compensation benefits with the Office of Employment Security (OES) which denied Claimant benefits pursuant to Section 402(e) of the Law on the premise that the cash register shortages constituted willful misconduct. Claimant appealed to the referee who concluded that Claimant's actions were negligent and indicated an intentional disregard for the Employer's interest and therefore rose to the level of willful misconduct. Thereafter, the Board affirmed the referee and subsequently denied Claimant's request for reconsideration which sought a rehearing to develop the inadequate record pertaining specifically to Employer's cash control systems. Hence, Claimant's petition for review to this Court.[3]

---

[2] This amount was reduced to five dollars effective September 1, 1987.

[3] This Court's scope of review in unemployment cases is limited to a determination of whether the findings of fact are supported by substantial evidence in the record as a whole; an error of law was committed; or any of Claimant's constitutional rights were violated. *Placek v. Unemployment Compensation Board of Review*, 116 Pa. Commonwealth Ct. 475, 542 A.2d 196 (1988).

The issues raised before this Court are whether Employer met its burden of proving willful misconduct; whether violation of Employer's rule constitutes willful misconduct; and whether the Board abused its discretion in refusing to grant Claimant's request for reconsideration.

. It is well settled that whether Claimant's conduct constitutes willful misconduct is a question of law reviewable by this Court. *Lacomis v. Unemployment Compensation Board of Review,* 105 Pa. Commonwealth Ct. 631, 525 A.2d 442 (1987). Moreover, findings of fact by the Board are conclusive and may not be disturbed on appeal so long as the record contains substantial supporting evidence. *Wright v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 506, 445 A.2d 556 (1982). Employer has the burden of proving Claimant's willful misconduct. Where the willful misconduct is based upon a violation of Employer's rule or policy, this Court must determine whether this violation constitutes willful misconduct by determining whether the rule or policy is reasonable in light of all the circumstances and if so, whether the employee has good cause to violate the rule or policy. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). In determining reasonableness, this Court should consider whether application of the rule or policy under the circumstances is fair and just and appropriate to accomplish a legitimate interest of the employer.

In the instant case, Employer's witness testified that he did not accuse Claimant of taking the money but was merely following company policy in discharging her. Claimant testified that she had no explanation for the shortages and that she received no proof from Employer as to how these mistakes occurred. Further, the record discloses that Claimant's cash register drawer was regularly audited by vault cashiers supporting the position

that others had access to Claimant's drawer. The evidence fails to support the Board's conclusion that Claimant's actions represent negligence indicating an intentional disregard of Employer's interests.

This Court thus concludes that under the circumstances of this case, Employer's policy was unreasonable as applied to Claimant, and therefore Employer has failed to sustain its burden of proof thereby rendering Claimant eligible for benefits. *See Schwab v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 387, 427 A.2d 789 (1981) where this Court expressly noted that the Law must be liberally construed in determining whether the State is justified in buttressing an employer's willful misconduct discharge decision by denying benefits. Considering the record in the matter *sub judice,* this Court must conclude that the Board erred in denying benefits to Claimant. Claimant's additional arguments need not be addressed.

Accordingly, the Board's order is reversed.

### ORDER

AND NOW this 25th day of April, 1989 the order of the Unemployment Compensation Board of Review is reversed.