# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia D. Phillips, : 
        Petitioner : 
         : 
        v. : 
         : 
Unemployment Compensation : 
Board of Review, :   No. 1191 C.D. 2016
        Respondent : 

Patricia D. Phillips, : 
        Petitioner : 
         : 
        v. : 
         : 
Unemployment Compensation : 
Board of Review, :   No. 1192 C.D. 2016
        Respondent : 

Patricia D. Phillips, : 
        Petitioner : 
         : 
        v. : 
         : 
Unemployment Compensation : 
Board of Review, :   No. 1193 C.D. 2016
        Respondent : 

Patricia D. Phillips, : 
        Petitioner : 
         : 
        v. : 
         : 
Unemployment Compensation : 
Board of Review, :   No. 1194 C.D. 2016
        Respondent :

Patricia D. Phillips,                    :
                    Petitioner           :
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :      No. 1195 C.D. 2016
                    Respondent           :

Patricia D. Phillips,                    :
                    Petitioner           :
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :      No. 1196 C.D. 2016
                    Respondent           :

Patricia D. Phillips,                    :
                    Petitioner           :
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :      No. 1197 C.D. 2016
                    Respondent           :

Patricia D. Phillips,                    :
                    Petitioner           :
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :      No. 1198 C.D. 2016
                    Respondent           :      Submitted: December 9, 2016

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI,  Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: May 12, 2017

Patricia D. Phillips (Claimant), pro se, petitions this Court for review of the Unemployment Compensation Board of Review's (UCBR) June 8, 2016 orders (UCBR Orders) dismissing Claimant's appeals because after the UCBR notified Claimant that it appeared her appeals from the Referee's decisions were untimely and that she had fifteen days to request a hearing on the issue or her appeals would be dismissed, she failed to timely request a hearing. The issue before this Court is whether the UCBR properly dismissed Claimant's appeals. After review, we vacate and remand.

Claimant, an hourly employee for H&R Block (Employer), filed for unemployment compensation (UC) benefits for various claim weeks. On multiple dates in January and early February 2016, the Department of Labor and Industry's (Department) Duquesne UC Service Center issued determinations denying Claimant UC benefits, establishing fault overpayments and imposing penalties (Determinations). Each of the Determinations was mailed to Claimant's address on record with the Department, *i.e.,* 84 Euclid Avenue, McKees Rocks, Pennsylvania 15136-2034 (Home Address), and notified Claimant that she had fifteen days from the final date stated therein to appeal from the Determination.

Claimant appealed from the Determinations on March 10, 2016 (Appeal Petitions). On March 17, 2016, the UCBR sent notices to Claimant at her Home Address informing her that a hearing would be held on April 1, 2016 to ascertain whether her Appeal Petitions were timely and valid. Neither the Claimant nor the Employer appeared at the April 1, 2016 hearing. On April 7, 2016, the Referee issued decisions and orders (Decisions and Orders) to Claimant's Home Address dismissing the Appeal Petitions as untimely. The Decisions and Orders expressly stated that the final date to appeal therefrom was April 22, 2016.

Claimant appealed from the Decisions and Orders (Decision Appeal Petitions) on May 5, 2016. Each of Claimant's Decision Appeal Petitions was accompanied by a letter in which Claimant stated, in relevant part:

> I sent in an appeal and was told it did not get through although on my end it showed it did. Then, I sent another appeal in by fax and I did not hear anything. I was waiting for what to do. **I work everyday without one day off 7 days a week and between 12-15 hour days from January 2nd through April 20th, this year.**[1] I also work afterwards in the off season so that I may be able to get unemployment and also be able to work for [Employer] the following year. I did have Easter off but that was the only day. Then **I called again in April and they said I should be receiving papers. Then I called after April 20th and they said I should have been at a hearing on April 1st. I was shocked as I never received papers** for that I would had to make arrangements **but I would have showed up**, and then I was told I owed over \$4[,]000[.00]. **I could not believe it. I didn't understand the fact I didn't receive anything in the mail so then the clerk I talked to told me he would resend them, so I wa[]ited[]for 5 days and called again and was told that I had been calling the wrong people, I had to call downtown Pittsburgh (near where I live) so I did that and they told me I was denied everything because I did not show up for a hearing I did not know about. I would have showed up for sure if I would have known.** It would be crazy for me not to. . . . And, [y]es we get other peoples['] mail all the time. I do not know where the mail came to and it is certainly not the fault of the [Department] to get the mail to me but if they had sent it certified there would be no way somebody else got it and then [at] least you would have known that I did not receive it.
>
> I am faxing with copies that came from the Appeals dep[artment] and you can see where I tried to respond not including phone calls and that should be easily traced. I

---

[1] Claimant explains in her brief that during this time "her husband had a heart attack, mini strokes and then [in] April was diagnosed with 3rd [s]tage [l]ung [c]ancer." Claimant's Br. at 15.

3

think there should be a log every time I tried to call. **Please someone help me.**

Original Record (O.R.) Item No. 11, May 5, 2016 Letter, attachment to Decision Appeal Petitions (May 5, 2016 Letter) (emphasis added).[2]  Claimant also emailed the UCBR a copy of her May 5, 2016 Letter and explained: "Please see attached letter[;] I sent a fax but concerned that it did not go through.  **Please give me a chance to state my case** and help me out of this situation."  O.R. Item No. 11, May 5, 2016 email (May 5, 2016 Email) (emphasis added).

On May 10, 2016, the UCBR sent a letter to Claimant's Home Address informing Claimant that her Decision Appeal Petitions were filed more than fifteen days after the Referee's Decisions and Orders were mailed (May 10, 2016 UCBR Letter).  The May 10, 2016 UCBR Letter also advised Claimant that if she

> believe[s] that [she] filed [her] appeal within the fifteen (15)[-]day period or that it should be deemed timely for other reasons, [**she**] **must request in writing that a**

---

[2]  Claimant's May 5, 2016 Letter also claimed that Employer incorrectly reported her earnings.  Claimant stated:

> I first looked at 2015.  I was shocked to find out that the [Department] said I did not report earnings I made.  I have always reported my earnings[;] they are small[.]  I make $9[.00] now [;] I made $8.50 in 2015.  We work a total of maybe 20-24 hours a week maybe but not always.  Then I looked at the earnings reported by [E]mployer and that didn[']t make any sense as it looked like my earnings were divided in half.  I have never worked one week since 1996 that has ever been right on the same amount of hours as the previous.  At [Employer,] we all have to take off 8 weeks and my weeks that I am off generally starts July 1st through [the] end of September and mid October this year.  I am not salary, I am hourly[;] none of us work that way.  From July through [m]id October, I would have reported no earnings. . . .  The weeks they said I did not report earnings I made $178[.00] a week even below the amount I would be allowed although I know I reported income. . . .  If I had known this[,] I would have screen shot my earnings.

May 5, 2016 Letter.

4

> **hearing be scheduled** to allow [her] the opportunity to set forth [her] reasons as to why [she] believe[s] her appeal was timely filed.

O.R. Item No. 12, May 10, 2016 UCBR Letter. The May 10, 2016 UCBR Letter further informed Claimant that "[u]nless the [UCBR] receives a reply[] **specifically requesting a hearing on the timeliness issue**, postmarked *by May 25, 2016*, it will proceed to issue an appropriate order." *Id.* (bold and italic emphasis added). Because the UCBR did not receive a response from Claimant, on June 8, 2016, the UCBR issued decisions and orders (UCBR Decisions and Orders) dismissing Claimant's appeals as untimely.[3] Claimant appealed to this Court.[4]

---

[3] The matter before the Court involves the UCBR's Decisions and Orders. Underlying the case are four separate occurrences which impact the instant action: (1) Claimant's untimely filing of her Appeal Petitions from the March 10, 2016 Determinations challenging the denial of her UC benefits, establishing the overpayments and imposing the penalties; (2) Claimant's failure to appear at the April 1, 2016 Appeal Petitions timeliness hearing; (3) Claimant's untimely filing from the May 5, 2016 Decision Appeal Petitions; and (4) Claimant's failure to timely request a hearing in response to the May 10, 2016 UCBR Letter. Essentially, only the last incident is before this Court, because if the UCBR improperly denied Claimant a hearing on the timeliness of her Decision Appeal Petitions, the matter must be remanded for a hearing. However, if the UCBR properly dismissed Claimant's Decision Appeal Petitions, the UCBR's Orders must be affirmed.

Claimant asserts she did not receive the Department's Determinations, the hearing notices or the Referee's Decisions and Orders, that were allegedly mailed to her. We note that "[w]here notice is mailed to a claimant's last known address and not returned by the postal authorities as undeliverable, the claimant is presumed to have received it and is barred from attempting to appeal after the expiration of the appeal period . . . ." *Mihelic v. Unemployment Comp. Bd. of Review*, 399 A.2d 825, 827 (Pa. Cmwlth. 1979). "[S]imply stating that a notice was not received is not a sufficient reason for extending the time for filing an appeal." *ATM Corp. of Am. v. Unemployment Comp. Bd. of Review*, 892 A.2d 859, 864 (Pa. Cmwlth. 2006). However, "**our case law has established the necessity of providing an addressee the opportunity to rebut the presumption of receipt**[**.**]" *Volk v. Unemployment Comp. Bd. of Review*, 49 A.3d 38, 42 (Pa. Cmwlth. 2012) (emphasis added).

[4] "This Court's scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence." *Han v. Unemployment Comp. Bd. of Review*, 42 A.3d 1155, 1156 n.5 (Pa. Cmwlth. 2012).

The law is well established:

Section 502 of the [Unemployment Compensation] Law [(UC Law)⁵] provides that a party has 15 days to appeal a referee decision to the [UCBR]. [Section 101.82 of t]he Department['s R]egulation[s], 34 Pa. Code § 101.82, provides an appeal of an unemployment compensation determination must be filed on or before the fifteenth day after the date the decision was delivered personally or placed into the mail. If an appeal is not filed within fifteen days of the mailing of the determination, it becomes final, and the [UCBR] does not have the requisite jurisdiction to consider the matter. An appeal filed one day after the 15-day appeal period is untimely.

However, **the [UCBR] may consider an untimely appeal in limited circumstances**. The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory. An appellant may satisfy this heavy burden in one of two ways. First, he **can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct**. Second, he **can show non-negligent conduct beyond his control caused the delay**. '[F]ailure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal.' [*U.S.*] *Postal Serv. v. Unemployment Comp. Bd. of Review,* . . . 620 A.2d 572, 573 ([Pa. Cmwlth.] 1993).

*Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008) (citations and footnote omitted; emphasis added). Section 101.61(a) of the Department's Regulations states:

If an appeal from a decision of the Department or an application for further appeal appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have a [sic] jurisdiction because of the late filing, and that the appeal or application for further appeal will be dismissed without a hearing unless the appealing party notifies the

---

⁵ Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822.

6

tribunal in writing within the succeeding 15 days from the date of such notice, that he contends the appeal or application for further appeal was timely filed and that he desires a hearing. If no reply from the appealing party is received within the 15-day period, or if the appealing party does not request a hearing, the tribunal shall dismiss the appeal or application for further appeal.

34 Pa. Code § 101.61(a).

Here, Claimant's Decision Appeal Petitions were filed beyond the fifteen-day appeal window. However, Claimant's Decision Appeal Petitions were accompanied by Claimant's May 5, 2016 Email in which **Claimant explicitly requested** "**a chance to state [her] case**," and letter in which Claimant urgently pleaded, "someone help me." The letter further explained that Claimant was not aware that Referee Decisions and Orders had been issued because she "didn't receive anything in the mail[,]" and although she contacted the Department in April and was told she would be receiving papers, she did not learn that the Decisions had been issued until she again called the Department sometime after April 20, 2016 and was told she should have been at the April 1, 2016 hearing. May 5, 2016 Email (emphasis added), May 5, 2016 Letter. Claimant further explained in the May 5, 2016 Letter that in that phone call, a Department employee informed her that copies of the Decisions and Orders would be sent to her; however, after waiting five days and not receiving the Decisions and Orders, she called again and learned that she had been speaking to the "wrong people" and, instead, had to contact the Pittsburgh UC office. May 5, 2016 Letter. When she did so, she ascertained she "was denied everything because [she] did not show up for a hearing [she] did not know about." *Id*. She subsequently filed her Decision Appeal Petitions. Claimant's representations in her May 5, 2016 Letter provides an explanation which, if true, could justify the late-filing of her Decision Appeal Petitions. Although the UCBR could not consider the

7

substance of Claimant's representations purportedly justifying her untimely filings,[6] Claimant's aforementioned communications were sufficient to inform the UCBR that Claimant requested to be heard on the timeliness of her Decision Appeal Petitions.

Our Supreme Court "ha[s] long refused to give overly technical, restrictive readings to procedural rules, particularly when remedial statutes such as the [UC Law] are involved. Dismissals are particularly disfavored." *Miller v. Unemployment Comp. Bd. of Review*, 476 A.2d 364, 366-67 (Pa. 1984) (citations omitted). The instant action is analogous to this Court's unreported opinion *in James v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 535 C.D. 2011, filed December 1, 2011),[7] wherein this Court, relying on *Miller*, held that the claimant properly requested to reopen a referee hearing. Although the claimant did not explicitly request the UCBR to reopen the hearing as directed in the relevant UCBR regulation, she "explained why she was absent from the hearing, and she asked to submit to the [UCBR] the evidence she originally planned to present at the hearing." *Id.*, slip op. at 6. This Court concluded, "[w]hile [c]laimant's filing does not include precise language asking the [UCBR] to reopen the hearing, it would be an unjust application of form over substance not to remand this matter to allow [c]laimant to appear at a fact-finding hearing." *Id*.

For similar reasons, under the specific circumstances presented herein, the UCBR should have scheduled a hearing to receive evidence on the timeliness of Claimant's Decision Appeal Petitions under Section 101.106 of the Department's

---

[6] "It is well settled that the [UCBR] is restricted to reviewing the evidence submitted by the referee unless it takes additional evidence under [S]ection 101.106 of the [R]egulations[, 34 Pa. Code § 101.106]." *Han v. Unemployment Comp. Bd. of Review*, 42 A.3d 1155, 1157 (Pa. Cmwlth. 2012).

[7] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). This unreported case is cited for its persuasive value.

Regulations without requiring Claimant to **again** request the relief she explicitly sought in her May 5, 2016 Email to the UCBR.[8]

      For all of the above reasons, we vacate the UCBR's Orders and remand the matters to the UCBR for a hearing on the timeliness of Claimant's Decision Appeal Petitions.[9]


_____
ANNE E. COVEY, Judge

---

[8] Our holding in this case is consistent with the well-established principle that "the purpose of the [Law] is remedial in nature and must be liberally construed." *Schwab v. Unemployment Comp. Bd. of Review*, 427 A.2d 789, 791 (Pa. Cmwlth. 1981).

[9] If the UCBR finds Claimant's late filing from the Decision Appeal Petitions to be excusable, it may then consider whether her failure to appear at the April 1, 2016 hearing on the timeliness of her Appeal Petitions was excusable. Further, if the UCBR determines that the Claimant's absence was excusable, Claimant is entitled to a hearing on the timeliness of her Appeal Petitions. Finally, if, after a timeliness hearing, the UCBR excuses Claimant's late filing from the Appeal Petitions, then the UCBR may reach Claimant's substantive challenges to the Department's Determinations.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia D. Phillips,                          :
                        Petitioner        :
                                            :
                v.                     :
                                            :
Unemployment Compensation                      :
Board of Review,                               :   No. 1191 C.D. 2016
                    Respondent        :

Patricia D. Phillips,                          :
                        Petitioner        :
                                            :
                v.                     :
                                            :
Unemployment Compensation                      :
Board of Review,                               :   No. 1192 C.D. 2016
                    Respondent        :

Patricia D. Phillips,                          :
                        Petitioner        :
                                            :
                v.                     :
                                            :
Unemployment Compensation                      :
Board of Review,                               :   No. 1193 C.D. 2016
                    Respondent        :

Patricia D. Phillips,                          :
                        Petitioner        :
                                            :
                v.                     :
                                            :
Unemployment Compensation                      :
Board of Review,                               :   No. 1194 C.D. 2016
                    Respondent        :

Patricia D. Phillips,                          :
                        Petitioner        :
                                            :
                v.                     :
                                            :
Unemployment Compensation                      :

Board of Review,                              :    No. 1195 C.D. 2016
                    Respondent   :

Patricia D. Phillips,                         :
                    Petitioner   :
                                              :
          v.                                  :
                                              :
Unemployment Compensation                     :
Board of Review,                              :    No. 1196 C.D. 2016
                    Respondent   :

Patricia D. Phillips,                         :
                    Petitioner   :
                                              :
          v.                                  :
                                              :
Unemployment Compensation                     :
Board of Review,                              :    No. 1197 C.D. 2016
                    Respondent   :

Patricia D. Phillips,                         :
                    Petitioner   :
                                              :
          v.                                  :
                                              :
Unemployment Compensation                     :
Board of Review,                              :    No. 1198 C.D. 2016
                    Respondent   :

O R D E R

AND NOW, this 12th day of May, 2017, the Unemployment Compensation Board of Review's (UCBR) June 8, 2016 orders are vacated and the matters are remanded to the UCBR for a hearing on the timeliness of Claimant's May 5, 2016 appeal petitions in accordance with this Opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge