IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dawn T. Bowen,                 :
          Petitioner      :
                          :
      v.                    :    No. 1103 C.D. 2022
                          :    Submitted: May 5, 2023
Unemployment Compensation    :
Board of Review,                :
          Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                            FILED:  January 9, 2024

Dawn T. Bowen (Claimant), appearing *pro se*, has petitioned this Court to review the adjudication of the Unemployment Compensation Board of Review (Board), which affirmed the decision of the Referee that Claimant was ineligible for unemployment benefits. After careful consideration, we find that Claimant's failure to submit to an employer-mandated COVID-19 vaccination and failure to apply for a medical or religious exemption constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law (the Law).[1] Accordingly, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee is ineligible for compensation for any week that her unemployment is the result of her discharge from work due to willful misconduct.

# I. BACKGROUND[2]

Claimant was employed as a full-time senior asset manager at Multi Family Asset Managers, LLC (Employer) from August 22, 2016, through November 30, 2021. Based on a federal mandate for federal contractors and subcontractors, Employer announced on September 19, 2021, that all employees were required to get a COVID-19 vaccination unless they applied for and were approved for a medical or religious exemption (Vaccine Policy). Employer discharged Claimant because Claimant did not comply with the Vaccine Policy. Claimant sought unemployment benefits, which the Office of Unemployment Compensation Benefits denied, finding that her actions constituted willful misconduct under Section 402(e) of the Law.[3] Claimant appealed to the Referee.

At the Referee's hearing, Employer established that it adopted the Vaccine Policy to comply with the federal mandate for federal contractors. Further, employees were permitted to apply for a medical or religious exemption, and Claimant never did. Appearing *pro se*, Claimant conceded that she was informed of the Vaccine Policy, and she recognized that she would not have qualified for a medical or religious exemption. Instead, Claimant testified that she did not obtain a vaccine because of her own personal beliefs. The Referee found that Claimant was informed of the Vaccine Policy and committed willful misconduct by failing to comply.

---

[2] Unless stated otherwise, we adopt the factual background for this case from the Board's decision, which is supported by substantial evidence of record. *See* Bd.'s Dec., 8/29/22.

[3] The Office of Unemployment Compensation Benefits initially denied benefits on the ground that Claimant committed willful misconduct by failing to submit to COVID-19 testing. *See* Notice of Determination, 3/22/22, at 1; *see* Notes of Testimony (N.T.) Hr'g, 4/29/22, at 5-6. However, this error was corrected by the Referee and substantial evidence supports the Board's finding that Claimant was discharged for violating Employer's Vaccine Policy. *See* Bd.'s Dec., 8/29/22.

Claimant, represented by counsel, appealed to the Board. The Board noted that on appeal, Claimant failed to articulate a specific reason for disagreeing with the Referee's decision. The Board adopted the Referee's findings and conclusions. Accordingly, the Board affirmed the Referee's decision. Additionally, the Board denied Claimant's request for reconsideration. Claimant timely petitioned this Court for review.

## II. ISSUES

Claimant asserts that Employer failed to meet its burden in establishing a *prima facie* case that Claimant engaged in willful misconduct.[4] *See* Pet. for Review at 3; Claimant's Br. at 8-9. Additionally, Claimant contends that she established good cause for not complying with Employer's Vaccine Policy. *See* Claimant's Br. at 7-9. Finally, in support of these claims, Claimant argues that certain factual findings of the Board were not supported by substantial evidence. *See* Pet. for Review at 3; Claimant's Br. at 6.

In response, the Board argues that its factual findings were supported by substantial evidence, that it established willful misconduct, and that Claimant failed to establish good cause for her misconduct. Bd.'s Br. at 4.

---

[4] Claimant broadly claims that Employer failed to establish that Claimant committed willful misconduct but does not indicate that she is challenging any particular element of the willful misconduct determination. *See generally* Claimant's Br.

3

## III. DISCUSSION[5]

### A. Employer Established Willful Misconduct

Claimant first asserts that Employer failed to establish her willful misconduct. *See* Claimant's Br. at 8-9. This claim is without merit.

Willful misconduct is defined as (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of an employer's rules; (3) disregard of behavioral standards that an employer can rightfully expect from an employee; or (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations. *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 (Pa. Cmwlth. 2022). An employer must prove the existence of a work rule, the reasonableness of the rule, the claimant's knowledge of the rule, and the claimant's subsequent violation of the rule. *Id.* at 136.

"In determining reasonableness, this Court should consider whether application of the rule or policy under the circumstances is fair and just and appropriate to accomplish a legitimate interest of the employer." *Spirnak v. Unemployment Comp. Bd. of Rev.*, 557 A.2d 451, 453 (Pa. Cmwlth. 1989); *see also, e.g.*, *Brown v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 322, 328-29 (Pa. Cmwlth. 2022) (finding employer's flu vaccine policy fair and just where it allowed medical or religious exemptions but rejected a form document submitted by the claimant asserting the claimant's right to not give consent). An employee who fails to comply with an employer's reasonable change or modification to the terms of employment risks being ineligible for unemployment compensation. *Tucker v.*

---

[5] On appeal, our review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022). Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding. *Id.* at 136.

4

*Unemployment Comp. Bd. of Rev.*, 319 A.2d 195, 196 (Pa. Cmwlth. 1974) (holding that an uncooperative employee is ineligible for unemployment compensation benefits for failing to comply with an employer's reasonable change or modification to the terms of employment); *cf. Simpson v. Unemployment Comp. Bd. of Rev.*, 450 A.2d 305, 311 (Pa. Cmwlth. 1982) (explaining that an employee does not have the implied obligation "to stand on his head because the employer so requests.").

In this case, Employer submitted a series of emails between Employer and Claimant in which Claimant acknowledged the existence of Employer's Vaccine Policy and indicated that she did not intend to comply with the Vaccine Policy. *See* Notes of Testimony (N.T.) Hr'g, 4/29/22, at Exs. 3-6, 11-12. In her own testimony, Claimant acknowledged that she was informed of the Vaccine Policy and admitted that she did not receive a COVID vaccine or an exemption. *See id.* at 12-13. Thus, Claimant knowingly violated the Vaccine Policy.

Employer also satisfied its burden to establish that the Vaccine Policy was reasonable and appropriate to accomplish a legitimate interest. The policy applied to all its employees but allowed exemptions for medical or religious reasons. N.T. Hr'g, 4/29/22, at 9. Employer applied the Vaccine Policy to Claimant just as it did to the rest of its employees. Claimant was not entitled to receive a special exemption from the Vaccine Policy unavailable to her fellow employees. *See Brown*, 276 A.3d at 328-29. Additionally, Employer established that the Vaccine Policy was a reasonable response to the ongoing pandemic and appropriate to accomplish a legitimate interest. Employer is a federal contractor. *Id.* The federal government issued a vaccine mandate applicable to all federal contractors and subcontractors. *Id.* at 10. Employer implemented its Vaccine Policy to comply with the federal mandate. *Id.* at 8-11.

Based on this evidence, Employer established that Claimant knowingly violated the Vaccine Policy, which was reasonable and appropriate to accomplish a legitimate interest.[6] *See Pierce-Boyce*, 289 A.3d at 135; *Spirnak*, 557 A.2d at 453; *Brown*, 276 A.3d at 328-29; *Tucker*, 319 A.2d at 196.

## B. Claimant Failed to Establish Good Cause

Claimant contends that she had good cause for not complying with the Vaccine Policy because she acted in good faith. Claimant's Br. at 7-9. This claim, too, lacks merit.

Once an employer establishes that an employee committed willful misconduct, the burden shifts to the employee to establish good cause for her actions. *Woodring v. Unemployment Comp. Bd. of Rev.*, 284 A.3d 960, 964 (Pa. Cmwlth.

---

[6] In a single sentence of her brief, Claimant baldly asserts that the Vaccine Policy "substantially changed the conditions of employment[.]" Claimant's Br. at 9. Claimant has not supported this assertion with pertinent authority, nor does she develop a meaningful argument in support thereof. *See generally id.* Claimant's counseled brief to the Board provides no further insight and similarly lacks relevant legal support. *See* Claimant's Br. to Bd., 6/13/22, at 4 ("[T]his was never a prior condition of employment and once it was added, Claimant had no choice but to decline.").

We caution Claimant that her brief violates Pennsylvania Rule of Appellate Procedure 2119, which requires "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). A party's failure to adhere to Rule 2119 and properly develop an argument may result in waiver. *City of Phila. v. Workers' Comp. Appeal Bd. (Calderazzo)*, 968 A.2d 841, 846 n.4 (Pa. Cmwlth. 2009). However, although it is not this Court's function to develop a party's arguments, this Court generally construes *pro se* filings liberally. *C.M. v. Pa. State Police*, 269 A.3d 1280, 1285 (Pa. Cmwlth. 2022). To assess whether we can reach the merits of a claim raised by a *pro se* litigant, we must consider whether the defects are so substantial that they preclude "meaningful appellate review." *Tewell v. Unemployment Comp. Bd. of Rev.*, 279 A.3d 644, 652 n.9 (Pa. Cmwlth. 2022).

We decline to find waiver and note the following. In response to Claimant's assertion, the Board briefly argues that the Vaccine Policy was a reasonable change within the purview of Employer. *See* Bd.'s Br. at 12 (citing *Dougherty v. Unemployment Comp. Bd. of Rev.*, 686 A.2d 53, 54-55 (Pa. Cmwlth. 1996)). We agree. The Vaccine Policy was reasonable and responsive to the unprecedented challenges presented by the COVID-19 pandemic. Therefore, we conclude that Claimant's argument fails on the merits. *See Tucker*, 319 A.2d 196.

2022). "The employee can establish good cause where [her] actions are justified or reasonable under the circumstances." *Id.* (internal quotations omitted). Whether good cause existed for an employee's actions is evaluated considering all the attendant circumstances. *Halloran v. Unemployment Comp. Bd. of Rev.*, 188 A.3d 592, 597 (Pa. Cmwlth. 2018).

An employee does not commit willful misconduct if her employer's directive directly threatens the employee's health or safety. *Dougherty v. Unemployment Comp. Bd. of Rev.*, 686 A.2d 53, 54 (Pa. Cmwlth. 1996). However, a claimant's subjective beliefs alone do not establish good cause for failing to comply with an employer's directive. *Id.* at 55.

In *Dougherty*, a nursing assistant was reassigned to a unit that included patients with AIDS. The claimant refused to accept the work assignment because of his fear of getting HIV, and he was discharged. *Id.* at 54.[7] The claimant argued he had good cause for refusing the employer's directives because he believed that working with AIDS patients posed a health risk and the employer did not provide him with proper protective equipment. *Id.* The *Dougherty* Court found the claimant's fears about his risk of contracting HIV were unfounded because the claimant's duties did not involve him coming into contact with bodily fluids and to the extent it did, he was given proper protective equipment. *Id.* at 55. The claimant's reason for not complying was not justified because his fear of HIV was rooted in his own subjective misconceptions about HIV transmission. *Id.* Thus, the claimant failed to establish that he had good cause to refuse the employer's directive. *Id.*

---

[7] *Doughtery* never mentions "HIV." Instead, *Dougherty* refers to AIDS as both a disease and a transmissible virus. *See Dougherty*, 686 A.2d at 54-55. HIV is the virus that can cause AIDS. AIDS is a medical condition, not a virus. Our above recitation of *Dougherty* reflects this distinction.

Similarly, here, Claimant presented no evidence that taking the vaccine would threaten her health but merely relied upon her own subjective beliefs about the efficacy and safety of the vaccine. N.T. Hr'g, 4/29/22, at 12-13, 16-17. Claimant testified that, based on "research" she had done, she believed that the vaccine caused adverse side effects including "heart attacks[,] strokes and resurgences of cancer." *Id.* Further, Claimant claimed that she had "natural immunity" to the virus and getting the vaccine would unnecessarily compromise her health. *Id.* at 12-13.[8] Under these circumstances, Claimant's refusal to abide by the policy was neither justified nor reasonable. *See Woodring*, 284 A.3d at 964. Thus, Claimant lacked good cause for her failure to comply with the Vaccine Policy. *See Dougherty*, 686 A.2d at 55.

## C. Claimant's Evidentiary Concerns are Without Merit

Finally, Claimant challenges certain findings of the Board. When there is substantial evidence to support the Board's findings, they are conclusive on appeal, even if there is contrary evidence of record. *Cambria Cnty. Transit Auth. v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (*CCTA*). The Board is the ultimate factfinder, entitled to make its own determinations on evidentiary weight and witness credibility, and is free to accept or reject the testimony of any witness, in whole or in part. *Id.* Resolution of credibility questions and evidentiary conflicts within the Board's discretion "are not subject to re-evaluation on judicial review." *Id.* (internal citation omitted).

---

[8] Claimant testified that she believed that she had "natural immunity" because of a suspected pre-2020 COVID infection. N.T. Hr'g, 4/29/22, at 12-13. Claimant testified that "[n]atural immunity they say is probably equally as effective in combatting COVID versus a vaccine[]" and that she "strongly believed" that getting the vaccine would compromise her immune system. *Id.* at 13.

8

On appeal, we are bound to examine the testimony in the light most favorable to the prevailing party, affording that party the benefit of all inferences that can be logically and reasonably drawn from the testimony. *Id.* Whether the record contains evidence to support findings other than those made by the factfinder is irrelevant; "the critical inquiry is whether there is evidence to support the findings actually made." *Sipps v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 479, 484 (Pa. Cmwlth. 2018).

Here, in an apparent effort to bootstrap her personal beliefs about the vaccine to a legitimate medical authority, Claimant disputes the Board's finding that "her doctor never advised her not to get the vaccine[.]" Claimant's Br. at 6. Claimant argues that this finding is not supported by the evidence because when she informed her doctor that she had not gotten the vaccine, her doctor "did not encourage or advise otherwise." *Id.*

The Board's finding that Claimant's "doctor never advised her not to get the vaccine[]" was supported by substantial evidence. Claimant testified that when she told her doctor that she had not received the COVID vaccine he merely told her that it was up to her whether to get it. N.T. Hr'g, 4/29/22, at 17. Claimant admitted that she never discussed possible negative side effects of the vaccine with her doctor. *Id.* Nothing in the evidence suggests that Claimant's doctor *affirmatively* advised her not to get the vaccine. Thus, we defer to the Board's finding.[9] *CCTA*, 201 A.3d at 947.

Lastly, Claimant disputes the Board's finding that Employer gave her the option of applying for an exemption. Claimant's Br. at 6. Essentially, Claimant argues that she was *de facto* deprived of the option to apply for an exemption because

---

[9] Even if this finding was not supported by substantial evidence, Claimant fails to connect how absent that finding she did not commit willful misconduct.

9

Employer preemptively discouraged her from applying for an exemption. *See id.* Claimant's argument is undercut by her own testimony. Claimant testified that she did not apply for an exemption because she felt that she did not qualify for an exemption. N.T. Hr'g, 4/29/22, at 12. To her credit, Claimant candidly testified that applying for an exemption "was not the honest way to go[]" because she recognized that she did not meet the criteria for a medical or religious exemption. *Id.* Claimant reiterated that she did not get the vaccine because she felt that it was not safe, and it was unnecessary because she already had natural immunity from a suspected pre-2020 COVID infection. *Id.* at 12-13. Viewing this evidence in the light most favorable to Employer, we defer to the Board's finding that Claimant never applied for an exemption offered by Employer. *Sipps*, 181 A.3d at 484.

## IV. CONCLUSION

Upon review, Employer established that Claimant committed willful misconduct under Section 402(e) of the Law by failing to comply with the Vaccine Policy. *See* 43 P.S. § 802(e); *Pierce-Boyce*, 289 A.3d at 135; *Spirnak*, 557 A.2d at 453; *Brown*, 276 A.3d at 328-29; *Tucker*, 319 A.2d at 196. Further, Claimant failed to establish that she had good cause for not complying with Employer's Vaccine Policy. *See Dougherty*, 686 A.2d at 55. Lastly, the Board's factual findings were supported by substantial evidence. *See CCTA*, 201 A.3d at 947; *Sipps*, 181 A.3d at 484. Accordingly, we affirm.

_____
LORI A. DUMAS, Judge

President Judge Cohn Jubelirer concurs in result only.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dawn T. Bowen,                 :
          Petitioner     :
                 :
        v.            :   No. 1103 C.D. 2022
                 :
Unemployment Compensation  :
Board of Review,          :
         Respondent  :

# **O R D E R**

AND NOW, this 9th day of January, 2024, the order of the Unemployment Compensation Board of Review, entered August 29, 2022, is AFFIRMED.

LORI A. DUMAS, Judge
